GEORGE LATHAM STEWART, Infant, by His Next Friend, W. A. STEW-
ART, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 17 February, 1932.)

**Negligence A d, B c: Master and Servant D a — Anticipation of injury,
proximate cause, and independent contractor held properly submitted
to jury.**

Where in an action against a railroad company there is evidence that
the plaintiff was hit in the eye by a loose rock thrown by the wheels
of a truck while crossing the right of way of the defendant railroad
company at a public crossing, that the loose rock at the crossing had
been put there by an independent contractor of the defendant railroad
company, a charge presenting for the determination of the jury the
questions of intervening negligence and whether the injury could have
been anticipated and correctly giving the law arising upon the liability
of the defendant for the acts of the independent contractor who had com-
pleted the work before the occurrence of the injury, is *Held* not to be
erroneous under the facts of this case.

Appeal by defendant from *Devin, J.,* and a jury, at February Term,
1931, of Craven. No error,

This is an action for actionable negligence, brought by plaintiff
against defendant for damages.

The plaintiff alleged in his complaint that the defendant, Atlantic
Coast Line Railroad Company, pursuant to contract evidenced by a
consent judgment was under the duty of paving part of Queen Street
in the city of New Bern, occupied by the defendant's tracks. It was
required to pave the space between the rail and the track in accordance
with the terms of said consent judgment; and that the defendant, in
pursuance of said work and shortly before the injury complained of, had
placed or dumped along its tracks on said street a quantity of loose,
crushed stone without any binding material or tarvia, as referred to in
said contract and judgment, and that said material was allowed to re-
main there for some length of time, and that this material, loose,
crushed rock there was of such character that when the street was
opened and automobiles passed over it they had the effect of throwing
the rocks and crushed stone; and alleges that on or about the fifth day
of September the plaintiff, while standing near the sidewalk on the
street on which he lived, was struck in the eye by a piece of crushed
stone thrown by a motor vehicle in passing over said loose, crushed
stone on defendant's track which the defendant had thereupon placed;
and alleges that his injury was due to the negligence of the defendant
in placing and allowing such material to remain upon its tracks upon a

street used by the public and by vehicles, and asks to recover damages therefor in the sum of twenty-five thousand dollars.

The defendant filed an answer in which it denied that it was guilty of any negligence in the matter; that pursuant to the judgment referred to by the plaintiff it entered into a contract with an independent contractor to do the paving in accordance with the requirements of such judgment, and that this paving was done by said independent contractor and was entirely completed long before the injury complained of by the plaintiff; that if there was negligence in the manner in which it was allegedly done, that it is not attributable to the negligence of this defendant, but to the negligence of the independent contractor whom the defendant had employed to do the work, and denies that there was any loose stone or crushed stone at that time which could have been foreseen would have been thrown up by the wheel of a motor vehicle in passing over it, and denies any negligence on its part was in law or fact the proximate cause of the injury complained of by the plaintiff.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff, George Latham Stewart, injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $2,500 and costs of this action."

The court below rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material facts and assignments of error will be considered in the opinion.

*H. P. Whitehurst, Abernethy & Abernethy and Ward & Ward for plaintiff.*

*W. B. R. Guion for defendant.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence, defendant made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled the motions and in this we think there is no error.

The evidence on the part of plaintiff sustained his contentions and that on the part of defendant sustained its contentions. The jury found for the plaintiff.

The court below in analyzing the matter in the charge, said: "The defendant contends that the work was all completed before this injury complained of; that if there was any negligence that it was that of the independent contractor, and that the contractor did this in his own

way, if he did do so, and that any negligence on the part of the defendant or anybody there was not the proximate cause of the injury to the boy; that it could not have been foreseen; that it was an accident, an accident happening from unknown causes or from an unforeseen result of a known cause. Plaintiff contends that they were negligent in creating those conditions from which in the ordinary use of the street by automobiles it could have been anticipated it would do the very thing that happened in this place. . . . So it is a question for you."

The court below defined accurately negligence, proximate cause, independent contractor and damage.

W. A. Stewart, for plaintiff, testified in part: "I was sitting up in bed at the window, looking out of the window when the truck came out of Bragg's Alley, made a turn with the wheels like that, and when she did, the rocks flew up and in the meantime the boy was struck by a rock and the rocks flew over the porch. The boy was standing right in the door of the house. I could see him at that time. I could see the rocks fly up. Some were fine rocks. They were of all kinds. When the boy cried out, I heard a rock strike the porch. He screamed. His mother was standing there in the passage. She ran and grabbed him. She was standing in the passage. I didn't see his eye until after he came from the doctor. It was then all tied up. It was his right eye. He is now blind in the eye. He lost the sight of the eye."

The question of proximate cause was left to the jury. The court below charged as follows: "If the jury should find that the injury to the plaintiff could not have been caused without the independent acts of the Oaks Farm truck, and that the plaintiff would not have been injured were it not for the truck turning into Queen Street in front of the house of the plaintiff, and that such act could not have been reasonably anticipated by the defendant, then I charge you that the negligence of the defendant could not be considered to be the proximate cause of the injury and the jury should answer the first issue, No. Therefore, if there is a responsible, intervening cause by the person legally responsible for his acts, in this case, the automobile truck, which cause could not in the natural and ordinary course of things be anticipated by the defendant so acting as to make negligence of defendant injurious to a third person, as in this case throwing rock from the roadbed of the defendant, then the person so intervening acts as a non-conductor and insulates the negligence of the defendant, thus making the negligence of the third person the proximate cause of the injury and freeing the defendant from liability because of the fact that his negligence could not have caused the injury without the intervening act of the third person, then I charge you that the negligence of the defendant could not have been considered

the proximate cause of the injury and you would answer the first issue, No. Now, gentlemen, applying these principles of law to the testimony, it becomes a question of fact for you to determine from the evidence whether you find that the Atlantic Coast Line Company was negligent and that its negligence was the proximate cause of the injury complained of by the plaintiff in this case."

We think the special instructions, as prayed for by the defendant, properly declined by the court below. The exceptions and assignments of error, as to the admission and exclusion of evidence, cannot be sustained. We think in the charge of the court below the law applicable to the facts was correctly stated. The contentions were given fairly and impartially for both plaintiff and defendant. On the record we can see no prejudicial or reversible error.

No error.