WALTER KENNEDY *vs.* CLARENCE A. RUSSELL.

Suffolk.   October 7, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract*, Cancellation, Performance and breach.   *Evidence*, Relevancy
     and materiality.

A contract for the sale of blueberries provided that the purchaser reserved
     the right, up to August 5, to cancel it in the event of a duty of thirty-
     five per cent, and that in such event he would not cancel it "if a
     compromise of duty can be arranged."   On July 29, the purchaser
     wrote the seller a letter, received by him on August 4, stating that
     the duty had been increased to thirty-five per cent, that he under-

stood that concerns in the seller's city "are absorbing . . . [a part] of this duty and the buyer . . . [the remainder]," and that "Unless you can do this . . . [I] will not be able to take any berries on our present contract." The seller cabled the purchaser on August 4, making no reference to the purchaser's letter, and again on August 7, each cablegram containing an offer of certain terms not in accordance with the terms stated by the purchaser in his letter. In reply to the cablegram of August 7, the purchaser cabled the seller that the "excess duty . . . plus price asked by you makes it impossible . . . to sell your blueberries. Therefore . . . [I] cancel . . . [my] contract with you." In an action by the seller against the purchaser for breach of the contract, it was *held*, that

(1) The letter sent by the defendant to the plaintiff on July 29 was an unequivocal cancellation of the contract; the suggestion in the letter that the defendant was willing to share the expense due to the increased duty did not affect such cancellation;

(2) The correspondence between the parties showed an unsuccessful attempt on the part of the defendant in good faith to compromise the matter of the increased duty in accordance with the provisions of the contract;

(3) Such attempt did not affect nor impair the defendant's right to rely on the cancellation previously made by him;

(4) The offer stated by the plaintiff in his cablegram of August 7 was not an acceptance of the defendant's offer of compromise in his letter of July 29, because it was not in accordance with the terms of the defendant's offer;

(5) The defendant rightfully had cancelled the contract, and the plaintiff could not recover;

(6) Evidence, that the plaintiff suffered a loss by having cancelled a contract with his agent for the purchase of blueberries, was immaterial and properly was excluded.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 26, 1931.

Upon removal to the Superior Court, the action was tried before *Morton*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*B. H. Squires*, for the plaintiff.

*R. F. Barrett*, for the defendant, submitted a brief.

CROSBY, J. This is an action to recover for the alleged breach of a written contract entered into by the parties by which the plaintiff agreed to sell to the defendant and the defendant agreed to purchase ten thousand boxes of fresh frozen blueberries, each box to contain thirty pounds of dry frozen blueberries. The contract contained the follow-

ing recitals: "GOODENOUGH & RUSSELL reserve the right to cancel this contract in event of thirty five per cent (35%) duty affecting materially the sale of said berries, but does not claim any deviation from contract at present rate of duty of one and one quarter ($.01¼) per pound. Should the thirty five per cent (35%) duty affect the sale, GOODE-NOUGH & RUSSELL will not claim any cancellation of contract if a compromise of duty can be arranged between seller and buyer so that sales can be completed on this end. The reservation herein contained shall be available to GOODENOUGH & RUSSELL, up to, but not later than the fifth day of August Nineteen Thirty (1930) after which date this agreement shall be irrevocable except by mutual agreement. GOODENOUGH & RUSSELL will try and make all sales subject to any increase in duty." By letter dated July 29, 1930, the defendant wrote the plaintiff as follows: "As the duty on frozen blueberries from Newfoundland has been increased at least two cents per pound above the former rate we find after considerable effort that we are unable to sell the berries at the present cost. We understand that the larger houses or concerns in your city are absorbing one cent of this duty and the buyer the other cent. Unless you can do this we will not be able to take any berries on our present contract."

The plaintiff testified that he received this letter on the afternoon of August 4, 1930, and on its receipt he cabled a night letter to the defendant as follows: "We have been offered $2.75 C. I. F. for our entire crop. If you want the berries the money for the first 5,000 must be placed in Bank as agreed August fifth and second September first. Wire us immediate." The plaintiff further testified that receiving no reply to his cable, on August 7 he cabled the defendant as follows: "Reductions in freight and cold storage charges enable us to sell you subject immediate confirmation at $2.65 C. I. F. This will absorb more than half the excess duty as asked for in your letter, other terms as per contract. Season opens eleventh, can hope to make first shipment twenty third." In reply to the above cable the plaintiff received from the defendant the following

cable: "We find that the excess duty of two cents per pound plus price asked by you makes it impossible for us to sell your blueberries. Therefore we cancel our contract with you. Will consider any further offerings."

Upon the close of the evidence for the plaintiff, the trial judge on motion of the defendant directed a verdict in his favor on the ground that the letter of July 29, 1930, the cables between the parties, and the conduct of the plaintiff, constituted a cancellation of the contract by the defendant.

The agreement in clear and unambiguous .terms authorized the defendant to cancel the contract not later than August 5, 1930, in the event that the duty on frozen blueberries should be increased from one and one quarter cents per pound to thirty-five per cent. It is conceded by the plaintiff that the duty was so increased, but it is his contention that the defendant did not make a reasonable effort to compromise the matter of the increase in the duty, whereby the contract between the parties could be carried out. The plaintiff contends that the defendant did not exercise his right to cancel the contract on or before August 5, 1930, and that the plaintiff did not waive his rights as to the time of cancellation by the offer contained in his letter to the defendant dated August 7, 1930. It is manifest that the letter dated July 29, 1930, received by the plaintiff on August 4, 1930, amounted to a clear, unconditional, unequivocal cancellation of the contract, as was permitted by its express terms. The suggestion in this letter to the effect that the defendant was willing equally to share the expense due to the increased duty did not mitigate or affect the absolute cancellation of the contract. The defendant was authorized to cancel it under its express provisions. His effort to comply with the terms of the agreement by a compromise of the duty by an arrangement between the parties so that the sale could be completed did not affect nor impair his right to rely on the previous cancellation. The plaintiff's cable sent on August 4 makes no reference to the defendant's letter of July 29. The plaintiff testified that, receiving no reply from the defend-

ant, on August 7 he again cabled him as above recited, and the defendant replied, in substance, that it was impossible to accept the plaintiff's offer. The above correspondence between the parties appears to have been attempts on the part of the defendant in good faith to compromise the matter relating to the increased duty, which were unsuccessful. The offer of the plaintiff contained in his communication to the defendant dated August 7 was not an acceptance of the defendant's offer of compromise of July 29 because it was not in accordance with the terms offered by the defendant. The plaintiff is bound by the express condition of the contract that the defendant might cancel it in the event that a thirty-five per cent duty was imposed upon the merchandise, provided he exercised his right of cancellation not later than August 5, 1930. *Kenworthy* v. *Stevens*, 132 Mass. 123. *Williamson* v. *Hill*, 154 Mass. 117. *Hilliard* v. *Weeks*, 173 Mass. 304. *Bryne* v. *Dorey*, 221 Mass. 399. *Anglim* v. *Sears-Roebuck Shoe Factories*, 255 Mass. 334. As the defendant lawfully cancelled the contract, the evidence offered by the plaintiff that he cancelled his contract with his agents for the purchase of six thousand boxes of blueberries and thereby suffered a loss was immaterial, and was rightly excluded.

The defendant's motion for a directed verdict was properly allowed.

*Exceptions overruled.*