B. C. HOWARD v. W. C. BELL, ET AL.

(Filed 8 November, 1950.)

1. **Automobiles § 18h (2)—Whether driver should have anticipated that injury might result from driving at high speed over loose stone on highway held for jury.**

   Plaintiff's evidence tended to show that defendant's truck was being operated at excessive speed on a sand-clay-gravel road upon which crushed stone had been newly spread, with two lanes of travel worn therein and a slight ridge of gravel and crushed stone left by traffic in the center, and that as defendant's truck swerved to its right to pass plaintiff's approaching car, the dual left rear wheel of the truck passed over the center ridge of gravel and threw small stones which broke plaintiff's windshield and struck him, inflicting serious injury. On cross-examination the truck driver admitted that such "loose rock is damaging to that speed of 50 miles an hour." *Held:* The evidence is sufficient to be submitted to the jury upon the issue of actionable negligence notwithstanding defendant's

evidence in contradiction as to the speed of the truck and the condition of the road.

**2. Trial § 22b—**

Defendant's evidence in conflict with that of plaintiff is not to be considered on motion to nonsuit.

**3. Negligence § 9—**

It is not required that the exact injury be foreseeable, it being sufficient if plaintiff could have reasonably foreseen that some likely injury or injurious consequences might result under the circumstances.

APPEAL by defendants from *Gwyn, J.,* August Term, 1950, of IREDELL.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants.

The transcript reveals that in the early afternoon of 4 April, 1949, the plaintiff, while driving his automobile eastward on the Statesville-Amity Hill highway, met the defendants' truck near the Experimental Farm in Iredell County. When the plaintiff first saw the truck it was coming over the crest of a hill in the middle of the road at a "terrific rate of speed"—from 50 to 60 miles an hour. Plaintiff was driving slowly on his right side and when the truck reached a point about 200 feet away it suddenly swerved to its right in order to pass the plaintiff. This caused the left wheels of the truck to cross a little ridge of loose rock and gravel which the traffic had caused to form in the center of the road. When the left dual wheels crossed this ridge of loose rock and gravel they picked up one or more stones and hurled them against plaintiff's windshield. The windshield was broken, plaintiff's face and hands were cut and bruised and one of his eyes was put out.

The road was a standard all-weather sand-clay-gravel top under the control and maintenance of the State Highway & Public Work Commission. Only recently, new gravel and crushed stone had been spread over the surface of the road. Long enough, however, for two lanes of travel to be worn in the road, with a slight ridge of loose gravel and crushed stone left between them. This ridge was plainly visible to all drivers.

The defendants' truck was a dump-truck with no fenders over the rear dual wheels. The plaintiff says he first saw the flying rock as they left the wheels of the truck and that he had no time to dodge them or to get out of their way.

The jury answered the issue of negligence and contributory negligence in plaintiff's favor and awarded him damages in the sum of $5,000.00.

The defendants appeal, relying principally upon their exception to the refusal of the court to grant their motion for judgment as in case of nonsuit.

*Lewis, Lewis & Hedrick and Hugh G. Mitchell for plaintiff, appellee.*
*Land, Sowers & Avery and Z. V. Turlington for defendants, appellants.*

STACY, C. J.   The question for decision is whether the plaintiff's case survives the challenge interposed by demurrer to the evidence.   The trial court answered in the affirmative, and we are inclined to uphold the ruling; conceding at once, however, that much could be written in support of the opposite view.   It is clearly a border-line case.

The one circumstance which seems to favor recovery is the speed at which the defendants' truck was being driven in the obvious light of the condition of the road.   The driver should have known and realized, in the exercise of due care, that his uncovered wheels, spinning at a high rate of revolution, were liable to pick up some of the loose rocks and hurl them in any direction.   He was not entitled to use the road as if he alone were on it.   *Sic utere tuo,* etc., applies on the highway as well as elsewhere. It is not only good law but also good morals.

Speaking to a similar question in *Teche Lines v. Bateman,* 162 Miss. 404, 139 So. 159, *Etheridge, P. J.,* observed: "It is well known that cars proceeding at a high rate of speed on gravel roads throw gravel by reason of the force of the car striking the gravel, or by reason of the suction of the car; and it is well known that such flying gravel, or small rocks are calculated to inflict injuries.   The greater the rate of speed the more violent the hurling of such gravel or rock becomes."

It is true the driver of defendants' truck disputes the plaintiff's testimony in respect of the condition of the road and the rate of his speed, but this is not to be considered on motion for nonsuit.   *Williams v. Kirkman, ante,* 609; *Carson v. Doggett,* 231 N.C. 629.   We take the plaintiff's evidence as true in testing the sufficiency of his case.   *Graham v. Gas Co.,* 231 N.C. 680.   "On motion to nonsuit, plaintiff's evidence will be taken as true and he will be given advantage of every fair and legitimate inference which it raises."   7th Syllabus, *Higdon v. Jaffa,* 231 N.C. 242, 56 S.E. 2d 661.

On cross-examination, the driver of the truck did admit that he saw some loose rocks and gravel on the road, "not a great amount," and that "this loose rock is damaging to that speed of 50 miles an hour," *i.e.,* he means to say, and did say, as we understand his testimony, that he knew some damage was likely to result from running over the loose rock at such speed.   This, then, is an admission coming from the defendants which is favorable to the plaintiff.

Two cases in our Reports need to be considered, *Stewart v. R. R.,* 202 N.C. 288, 162 S.E. 547, and *Gant v. Gant,* 197 N.C. 164, 148 S.E. 34. The plaintiff relies on one; the defendants on the other.

In the *Stewart case,* the defendant railroad was held liable for maintaining a negligent road crossing, in that loose rocks and stones were placed or allowed to remain on the crossing, which were thrown or hurled against the plaintiff by a rapidly passing truck. The case supports the plaintiff obliquely, but it is not directly in point. There, the action was against the builder and keeper of the crossing. Here, the suit is against the owner of the offending truck.

The *Gant case,* cited by the defendants, is more nearly in point, but not quite controlling. There, a car was stuck in snow and ice. Boards were placed in front and under the wheels to give them gripping or purchasing power in pulling the car out. One of the spinning wheels threw its board backward and against the plaintiff's leg, injuring it. Recovery was denied on the ground of a non-foreseeable result or accident. Accordant: *Warner v. Lazarus,* 229 N.C. 27, 47 S.E. 2d 496; *Brady v. R. R.,* 222 N.C. 367, 23 S.E. 2d 334, 320 U.S. 476, 88 L. Ed. 239; 38 Am. Jur. 712.

We think the testimony of the driver of the truck brings the case within a foreseeable injurious result. The exact injury need not have been foreseen. It is enough if some likely injury or injurious consequence could have been foreseen, or should have been anticipated, in the exercise of reasonable prevision. *McIntyre v. Elevator Co.,* 230 N.C. 539, 54 S.E. 2d 45.

The verdict and judgment will be upheld.

No error.