DORA LeTOURNEAU AND ANOTHER v.
LEONARD KROOK.

186 N. W. (2d) 668.

April 23, 1971—Nos. 42501, 42502.

150

*Spellacy & Lano* and *O. C. Adamson II*, for appellants.

*Murphy & Kalar* and *William E. Kalar*, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Peterson, JJ.

NELSON, JUSTICE.

On March 28, 1968, a bright clear morning, plaintiff Judith Pederson, then 17 years of age, her mother, plaintiff Dora LeTourneau, and a neighbor, Mrs. Marlene Steffen, set out from their homes near Deer River in Mrs. LeTourneau's car for Grand Rapids, Minnesota. All three were sitting in the front seat of the car with Judith in the middle. About 9:25 a. m., they were traveling in a southerly direction on State Highway No. 38, a short

distance north of Grand Rapids on a straight stretch of highway which ran past an automobile parts yard. They then noticed an unusually colored truck—bright orange and blue—coming toward them down the slope of a little rise in the highway.

As their car and the truck approached each other, an object seemed to emerge from underneath the truck, about midway between the front and rear wheels of the truck when first sighted. The object appeared as a blur and seemed to be "bouncing" as it rapidly approached the car. The object crashed through the windshield of the car, breaking off the rearview mirror, striking plaintiff Judith Pederson on the left side of the face, and seriously injuring her. Mrs. LeTourneau started to pull off the road, but after seeing that her daughter was bleeding and unconscious, she drove directly to the Itasca Memorial Hospital in Grand Rapids.

After their arrival at the hospital, and while Judith was receiving emergency treatment, Officer Robert Herbst of the Minnesota Highway Patrol was called. Officer Herbst came to the hospital and talked to Mrs. LeTourneau and Mrs. Steffen. Mrs. Steffen described the accident and the truck involved to the officer, and together they went to the LeTourneau car where they located, in the back seat, a large reddish rock similar in appearance to iron ore, about 5 inches by 4 inches by 4 inches in size, and weighing about 7 pounds. There was some blood and hair adhering to the rock.

Officer Herbst, thinking he recognized the description of the truck, located defendant, Leonard Krook, at his home around noon of the same day and interviewed him. Krook admitted that he had been driving north on Highway No. 38 in his orange and blue oil truck and had been in the vicinity of the auto parts yard about the time of the accident.

Subsequently, plaintiff Dora LeTourneau commenced an action on behalf of her daughter against defendant to recover for Judith's injuries. Mrs. LeTourneau also commenced an action

in her own behalf against defendant to recover medical and hospital expenses incurred in treating Judith's injuries.

At the trial both Mrs. LeTourneau and Mrs. Steffen testified as to the events leading up to Judith's injuries. They reiterated that the truck which approached on the highway prior to the accident, and from which they both saw the rock emerge, was a bright orange and blue color. They also testified that they did not see any rock on the highway at the scene of the accident prior to its occurrence.

Defendant testified that he owned and operated a bulk oil truck with the blue and orange colors previously described and that to the best of his knowledge, his truck was the only one painted orange and blue in the Grand Rapids area. Defendant further testified that he was driving north on State Highway No. 38 at the approximate time and place where the accident occurred. However, he denied seeing a rock on the highway and testified that if he had, he would have attempted to avoid it because of the obvious danger involved.

The remainder of the trial was, for the most part, taken up with testimony concerning the extent and permanence of Judith's injuries. Judith has no recollection of the accident.

The jury returned a verdict in favor of plaintiff Judith Pederson in the amount of $20,000 and a verdict against plaintiff Dora LeTourneau. Judith moved for a new trial on the issue of damages and Mrs. LeTourneau moved for judgment notwithstanding the verdict on the issue of liability and a new trial on the issue of damages. Defendant also moved for judgment notwithstanding the verdict in Judith's case. The trial court denied plaintiffs' motions and granted defendant's motion, with the result that judgments were entered in favor of defendant against both plaintiffs. Plaintiffs appeal from these judgments and from the order denying their post-trial motions.

The issues raised on appeal are (1) whether the trial judge was justified upon the record herein in setting aside the jury verdict for plaintiff Judith Pederson and directing judg-

ment for defendant; (2) whether plaintiff Dora LeTourneau, who saw a rock rapidly approaching her car a split instant before it struck the windshield, was contributorily negligent for failing to avoid the impact; (3) whether the jury's verdict of $20,000 for Judith was justified upon the recorded evidence herein.

In the action brought on behalf of Judith, the trial court granted defendant's motion for judgment notwithstanding the verdict, and, in the event of reversal on appeal, a new trial on the issue of liability. The grounds for the conditional granting of the new trial were that Judith had wholly failed to establish any negligence on the part of defendant and any causal relationship to the injuries which she sustained. The trial judge, by his granting of judgment notwithstanding the verdict, concluded that plaintiffs' evidence did not present a question of fact to the jury.

On an appeal from a judgment notwithstanding the verdict, this court must view the evidence in a manner most favorable to the verdict. McDonough v. Newmans Cloak & Suit Co. 247 Minn. 250, 77 N. W. (2d) 59, 61 A. L. R. (2d) 100; Olson v. Penkert, 252 Minn. 334, 90 N. W. (2d) 193. Plaintiffs argue, and defendant concedes, that defendant's truck was the truck which was passing plaintiffs' car when the rock which ultimately injured Judith Pederson was first seen in motion at a place in front of the left rear dual wheels of the truck. However, because defendant testified that the rock was not carried on his truck in any way nor wedged between his dual wheels, plaintiffs contend that the jury could find that the only remaining possibility was that the rock was lying in the road and that defendant struck it with the wheels of his truck, causing it to spin through the air and crash through the windshield of plaintiffs' car. The theory of negligence which they evolve and present on this appeal is that a driver of a large, heavy truck who sees, or should have seen, a large red rock lying on the paved surface of a highway may be found liable if the driver has a reasonable opportunity to avoid

striking the rock, but nevertheless strikes it and causes it to fly through the air and injure the plaintiff.

The parties' briefs and our research disclose no Minnesota cases covering this particular situation although cases from other jurisdictions involving rocks thrown by automobiles and the question of negligence are set out by both sides. In a number of "rock" cases, courts have held that the owner or operator of a vehicle was or could be found liable for the injury or damage caused by the throwing by such vehicle of a stone or other object located on the surface of the road.

In Teche Lines, Inc. v. Bateman, 162 Miss. 404, 139 So. 159, a bus company was held liable to an automobile passenger whose eye was injured when struck by a piece of rock or gravel that came through the automobile windshield when a bus passed at a speed of 40 miles or more on a gravel road. The court in that case said that it was well known that vehicles might be operated on some types of highways without danger from rocks or gravel, but that when a person who knows the danger of flying rocks exceeds the speed limit on a gravel road (as the bus had) and inflicts an injury upon another, then that person will be held liable for the injury.

In Howard v. Bell, 232 N. C. 611, 62 S. E. (2d) 323, plaintiff was allowed to recover when it appeared that when he first saw the defendant's truck it was coming up over a hill in the middle of the road at a "terrific rate of speed." As it swerved to the right to pass plaintiff, the left dual wheels crossed a little ridge of loose rock in the center of the road, picking up some of the rock and gravel and hurling it against plaintiff's windshield, breaking it and injuring plaintiff. The court said it was "clearly a border-line case," and that the one circumstance which seemed to favor recovery was the speed at which defendant was driving his truck in light of the condition of the road. 232 N. C. 613, 62 S. E. (2d) 324. See, also, Wheat v. Teche Lines, Inc. 181 Miss. 408, 179 So. 553; Payne v. City of New York, 277 N. Y. 393, 14 N. E. (2d) 449; Adkins v. Greyhound Corp. (Ky.) 357 S. W. (2d)

860. All of the above cases involved situations where there was some active negligence on the part of the defendant vehicle operator other than merely striking a rock and propelling it. It is apparent that this factor of active negligence strongly influenced the decisions of the respective courts.

On the other hand, most courts have failed to find that the owner or operator of a vehicle throwing the object was liable when there was no showing of additional active negligence on the operator's part. In Sylvester v. Shea, 280 Mass. 508, 182 N. E. 916, the court, reversing a finding of negligence against the defendant who had backed his truck into the street and struck a rock, propelling it against the plaintiff, stated (280 Mass. 510, 182 N. E. 916):

"* * * The throwing of the stone, while not unprecedented, was such an unusual occurrence under the circumstances that it could not be found that the defendant in the exercise of reasonable care ought to have guarded against it."

In Burkes v. Lieberman, 218 App. Div. 600, 218 N. Y. S. 593, affirmed without opinion, 245 N. Y. 579, 157 N. E. 865, it was held that there was no negligence on the part of a motorist whose car, coming around a curve on a narrow, unpaved dirt road, struck a pile of stones in the road, one of which was thrown against the plaintiff. The court, in reversing the judgment for the plaintiff, took into consideration the unusual manner of the accident, indefinite testimony regarding the speed of the car, and the absence of testimony upon which to base a finding of negligence.

In Randall v. Shelton (Ky.) 293 S. W. (2d) 559, plaintiff was in her front yard when a dual-wheeled truck passed by and threw a rock from the highway which hit her and broke her leg. The court said there was no proof whatever of any negligence on the part of the truck driver, since it was merely shown that a rock was thrown from the wheels of a truck as it passed, so that the question was whether defendant would be absolutely liable re-

gardless of negligence. The court concluded that since the case was not one involving an intentional trespass or an extrahazardous activity, the plaintiff could not recover in the absence of a showing of negligence.

In a case quite similar to the case at bar, the West Virginia court in Miller v. Bolyard, 142 W. Va. 580, 97 S. E. (2d) 58, held that the trial court should have sustained a motion by the defendant to set aside the verdict for the plaintiff and grant a new trial on the ground that the undisputed evidence did not establish negligence on the part of the defendant which was the proximate cause of injury to the plaintiff. In that case a large stone, which had apparently been embedded between the dual rear wheels of the defendant's truck, was thrown from the wheels and propelled in the air until it hit the right front window of an approaching truck, breaking through and injuring the minor plaintiff. Evidence in that case showed that each of the vehicles involved in the accident was being operated at a reasonable speed and was on its own side of the road, so that neither driver was negligent unless the operation of the defendant's truck with a rock wedged between the dual wheels constituted negligence on his part. In regard to this last point, the court stated (142 W. Va. 594, 97 S. E. [2d] 66):

"* * * The undisputed evidence indicates clearly that the defendant, as a person of ordinary prudence, even if he knew or should have known that a stone was wedged between the tires and the rims of the left rear dual wheel of his truck, could not have foreseen or anticipated that an injury to persons or property on or near the highway might or would result from the operation of the truck in the manner in which he operated it in the attending circumstances shown by the evidence."

See, also, Walton v. Fireman's Fund Ins. Co. (La. App.) 128 So. (2d) 328; Smith's Bakery, Inc. v. Jernigan (Fla. App.) 134 So. (2d) 519.

The only authority disclosed to us that varies from the above line of cases is Larson v. Macias, 13 Ariz. App. 562, 479 P. (2d)

439, which involved a fact situation similar to the Miller case and the case at bar. The plaintiff was struck and injured by a rock thrown up and through his windshield by defendant's truck which was passing in the opposite direction. The jury returned a verdict for the plaintiff, and the defendant appealed from the judgment entered. The Arizona Court of Appeals affirmed, accepting as the only plausible theory of the accident that the defendant was negligent because he failed to see the rock on the roadway so as to avoid running over the rock. There was also evidence that the rock had tire marks on it and that there were scuff marks between the left rear dual tires of the truck. In that case, as in the case at bar, no one had seen the rock on the highway prior to the accident. To the defendant's argument that there was insufficient proof to support a finding of liability because what the plaintiff had shown was only a series of inferences, the court stated (13 Ariz. App. 567, 479 P. [2d] 444):

"In our opinion the evidence in the case at bar is such that each of the successive inferences was established 'to the exclusion of any other reasonable theory than merely by a probability.'

"The negligence of Larson was a negligence of omission, that is, he failed to see the rock in the roadway rather than a negligence of commission, that is, that he actually saw the rock and negligently failed to avoid it. Under these circumstances and in the light of Larson's testimony hereinbefore quoted, we fail to see the applicability of the doctrine of foreseeability in relation to a determination of the tort liability of the defendants."

We are unable to subscribe to the reasoning of the Arizona court as applied to the factual proof in the instant case. The negligence of the defendant is the basis of plaintiffs' claim in the case at bar. The burden rests upon plaintiffs to establish primary negligence of defendant which was the proximate cause of the injury for which plaintiffs seek recovery. The evidence presented at the trial demonstrated that both vehicles were being operated at reasonable speeds and on their respective sides of the highway at the time of the accident; that no one saw the large reddish

rock lying on the blacktop of the highway at any time prior to the accident; that there were no tire marks on the rock or scuff marks on the truck tires; and that the first time the rock was seen was when it was in motion. This evidence does not establish negligence on the part of defendant which was the proximate cause of the accident and of plaintiff Judith Pederson's injuries. To adopt plaintiffs' theory of the accident, that the large red rock was present and that defendant saw or should have seen it, would only be to indulge in speculation and to disregard the evidence adduced at trial.

This court has stated that ordinarily the issue of whether negligence is a proximate cause of an accident is for the jury, and its determination of the issue must stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. It is only in those cases when the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable men that the issue of causation becomes one of law to be decided by the court. Seivert v. Bass, 288 Minn. 457, 181 N. W. (2d) 888. Viewing the evidence in the light most favorable to plaintiffs, we must conclude that it was insufficient to justify the jury's finding defendant negligent and this negligence to be the proximate cause of the accident and of plaintiff Judith Pederson's injuries.

The issues of plaintiff Dora LeTourneau's contributory negligence and the inadequacy of the jury's award of damages are rendered moot by our affirmance of the trial court's determination that the evidence does not establish negligence on the part of defendant which was the proximate cause of the accident.

Affirmed.