WHITE v. WEITZ et al.

(Division B. Feb. 5, 1934. Suggestion of Error Overruled Mar. 19, 1934.)

[152 So. 484. No. 31011.]

Wells, Wells & Lipscomb, of Jackson, for appellant.

Powell, Harper & Jiggitts, of Jackson, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action in the circuit court of the First judicial district of Hinds county against appellees to recover the sum of ten thousand four hundre l dollars for personal injuries received by him, and damage to his automobile, caused by a collision between appellant's automobile, driven by him, and the automobile of appellee Weitz, driven by him while in the employ and engaged about the business of his principal, appellee Edward J. Moore Sons, Inc. The collision was alleged to have been caused by the negligence of appellee Weitz in operating his car. There was a trial, resulting in a verdict and judgment in favor of appellees; from that judgment appellant prosecutes this appeal.

Appellant was driving his car north on the Pocahontas road, in the country about three miles north of the city of Jackson. Appellee Weitz was going south in his car. A car was parked on the west side of the paved highway. The cars driven by appellant and Weitz, in trying to pass this parked car, collided, resulting in the personal injuries and damages sued for. The evidence demonstrated that the collision of the cars could not have been an accident, but was the result of the sole negligence of one or the other of the drivers.

The evidence for appellant, if true, showed that the collision was caused by the sole negligence of appellee

Weitz, while the evidence for appellees, if true, showed that it was the result of the sole negligence of appellant. The case was tried on that theory. That theory was embodied in appellant's instructions to the jury. In returning a verdict for appellees the jury necessarily found that the sole proximate cause of the collision was the negligence of appellant, and therefore appellee Weitz was not guilty of any negligence whatsoever proximately contributing to the collision.

Appellees plead the general issue alone. Appellant assigns and argues as error the giving of the following instruction for appellees: ''The court instructs the jury for the defendant that if you believe from the preponderance of the evidence the negligence of the defendant, Weitz, was not the sole proximate cause of the accident but if you further believe from the evidence that any negligence of the plaintiff White contributed to the accident that then if your verdict is in favor of the plaintiff it shall be the duty of the jury to reduce the damages awarded the plaintiff in the same proportion that you believe from the evidence that any negligence of the said White contributed to the accident.''

Appellant's argument is that it was error to give this instruction, because appellees did not specially plead contributory negligence. Sections 511 and 512 of the Code of 1930 provide that contributory negligence shall not bar a recovery, but shall diminish plaintiff's damages in proportion to his negligence, and that all questions of negligence and contributory negligence shall be for the jury. Appellant refers to numerous decisions of our court and the courts of other jurisdictions holding that contributory negligence must be specially pleaded when relied on as a defense to the action. It will be observed from the instruction that appellees were not invoking contributory negligence as a defense to the action, but in diminution of the damages, as authorized by our comparative negligence stat-

ute (section 511, Code 1930). Conceding, without deciding, that appellant's contention is sound, nevertheless the giving of the instruction was without any harm whatever to appellant, because in rendering their verdict for appellees the jury found that appellant's negligence was the sole proximate cause of the injury. The instruction, therefore, did not come into use at all; the jury never reached the point of using it; there were no damages to be mitigated according to the verdict of the jury.

Appellant assigns and argues as error the giving of another instruction for appellees, which reads as follows: "The court instructs the jury for the defendants that if you believe from the evidence that G. B. White was driving his car at the time of the accident at a rate of speed in excess of forty (40) miles an hour then the said G. B. White is prima facie guilty of negligence."

Section 5569, Code 1930, provides, among other things, that the maximum rate of speed of motor vehicles in the country shall be forty miles an hour. Section 5581, Code 1930, provides that a violation of section 5569 and other sections of the Code regulating the manner of operating motor vehicles shall constitute a misdemeanor punishable by fine or imprisonment or both. Section 5588, Code 1930, provides as follows: "Nothing in this chapter shall be so construed as to curtail or abridge the right of any person to prosecute a civil suit for damages by reason of injuries to person or property resulting from the negligent use of the highways by any motor vehicle, or its owner, or his employee or agent. And in any action brought to recover any damages, either to person or property, caused by running or operating such motor vehicle in violation of any of the provisions of this chapter, the plaintiff or plaintiffs shall be deemed to have made out a prima facie case by showing the fact of such injury, and that such person or persons operating, or causing to be run or operated, such motor vehicle,

was at the time of the injury running or operating, or causing the said motor vehicle to be run or operated in a manner contrary to the provisions of this chapter.''

Appellant's position with reference to this instruction is that all facts and circumstances of the collision were in evidence and, therefore, under New Orleans & G. N. R. R. Co. v. Walden, 160 Miss. 102, 133 So. 241; Natchez Coca-Cola Bottling Co. v. Watson, 160 Miss. 173, 133 So. 677, and other decisions of this court, the statutory presumption of negligence disappeared, and in such a case the jury had no right to consider such presumption but should have decided the issue of fact alone on the evidence. The Walden case and the Coca-Cola case, as well as the other cases relied on by the appellant, were all cases in which the statutory presumption was invoked by the plaintiff and not by the defendant, as in this case. Nevertheless, we are unable to see why the same principle does not apply. The statutory presumption of negligence on the part of the plaintiff disappears, as it does on the part of the defendant, when all the facts and circumstances on the issue of liability are in evidence. In the Coca-Cola case the court held that the prima facie liability arising, under section 5588, Code 1930, from driving a motor vehicle in violation, of section 5569, disappeared where the facts and circumstances were in evidence, and therefore the court committed no error in refusing an instruction for the plaintiff invoking the statutory presumption of negligence. If the instruction in question had gone further and told the jury that if the preponderance of the evidence showed that the violation of the statute was the sole proximate cause of the injury they should find for appellees, it would not have come under the condemnation of the Walden and Coca-Cola cases. It is the prima facie presumption of the statute that cannot be used on the issue of liability where the facts and circumstances are in evidence. That does not mean, however, that the court cannot instruct

the jury for the plaintiff that a violation of the statute by the defendant is negligence, and where such negligence is the proximate cause of the injury the plaintiff is entitled to recover, or, on the other hand, instruct the jury on behalf of the defendant that if the violation of the statute by the plaintiff was the sole proximate cause of the injury the plaintiff is not entitled to recover. It is the statutory presumption of negligence standing alone that neither party is entitled to use as a witness where all the facts and circumstances are in evidence.

A like construction has been put upon section 6130, Code 1930, the statute prescribing the maximum rate of speed of railroad trains in municipalities. Excessive speed must be the proximate cause of the injury. Clisby v. M. & O. Ry. Co., 78 Miss. 937, 29 So. 913; I. C. R. R. Co. v. Watson (Miss.), 39 So. 69 (not reported [in State report]); Brinkley v. Southern Ry. Co., 113 Miss. 367, 74 So. 280; Vicksburg, etc., R. Co. v. McGowan, 62 Miss. 682, 52 Am. Rep. 205; M. & O. Ry. Co. v. Stroud, 64 Miss. 784, 2 So. 171. The giving of this instruction was harmful. Under the conflicting evidence on liability the jury may have placed in the scales appellant's violation of the speed statute and given it such weight as to control their verdict in appellees' favor. This they were not authorized to do. Appellant's violation of the statute alone would not prevent his recovery, unless it was the sole proximate cause of his injury.

Appellant offered one Riser as a witness in rebuttal, by whom he undertook to show that appellee Weitz, on the afternoon of the collision of the cars, made a statement to him as to how the collision occurred, which was contradictory to that testified by him as a witness in his own behalf. Upon appellees' objection the court refused to permit the witness to so testify. Appellant thereupon requested permission to recall appellee Weitz for the purpose of laying the predicate for his contradiction by Riser, which the court refused to permit. The

principles laid down in the recent case of Roney v. State (Miss.), 150 So. 774, govern here. In that case the court held that the rule requiring the laying of the foundation for the introduction of evidence of admissions is operative only when the evidence is introduced to impeach a witness other than a party to the litigation; that a party having the burden of proof and duty to open the case must, in his opening and before he rests, introduce the substantive evidence relied on to establish his case; that whether evidence offered in rebuttal should have been introduced as substantive evidence rests largely in the trial court's discretion; that the court should resolve every doubt, whether the evidence offered in rebuttal belongs to evidence in chief, in favor of its reception, where it will not give undue weight, and the opposite party would be as well prepared to meet it by surrebuttal as if offered in chief.

The other assignments of error are minor in importance and involve questions of such a character as on another trial will probably disappear.

Reversed and remanded.