## GULFPORT FERTILIZER CO. *v.* BILBO.

(Division A.    May 3, 1937.    Suggestion of Error Overruled May 31,
1937.)

[174 So. 65.    No. 32595.]

**Leathers, Wallace & Greaves,** of Gulfport, for appellant.

**Bidwell Adam,** of Gulfport, and **Chalmers Potter,** of Jackson, for appellee.

Argued orally by **R. A. Wallace**, for appellant, and by **Chalmers Potter**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Harrison county, awarding the appellee damages for personal injuries alleged to have been sustained by him as a result of the negligence of the appellant in failing to exercise reasonable care to furnish him a reasonably safe place to work.

Appellee was employed by appellant to work in its fertilizer factory, and at the time of his injury, he and other employees were engaged in breaking up and removing a large pile of material used in the manufacture of fertilizer which was stored in a large bin or compartment of one of appellant's buildings. Except as to the density of the mass or pile of material being moved, and the type of tools required to loosen and tear down the pile, the facts, as testified to by appellee's witnesses,

are substantially the same as those in the case of Eagle Cotton Oil Co. v. Pickett, 175 Miss. 577, 166 So. 764, and upon the assignment of error based upon the action of the court in refusing a peremptory instruction requested by appellant, the Pickett Case, supra, is controlling; and, consequently, the peremptory instruction was properly refused.

The appellant also complains of the action of the court in refusing to permit the introduction of a photograph of the bin or inclosure at which the appellee was hurt. It was admitted that at the time the photograph was taken, the material piled in the bin was not the same as that contained therein at the time of appellee's injury; but in view of the fact that the photograph correctly represented the bin itself, and that counsel for the appellee joined in the request that the photograph be admitted in evidence, we think this photograph should have been admitted; but we are of the opinion that its exclusion did not constitute reversible error. Since the mass of fertilizer base, which was in the bin when appellee was injured, had been removed and other material placed therein before the photograph was taken, it was inadmissible for the purpose of showing the pile of base. It appears, however, to have been offered for the purpose only of showing the size and condition of the bin; but this bin was so fully described in the testimony of the witnesses that the jury could easily form a clear conception of the size and type thereof without the aid of the photograph.

Appellant next complains of an instruction granted to appellee which told the jury that it was the duty of the appellant to furnish the appellee a reasonably safe place to work, and that if it failed to do so there was liability if such failure proximately caused the injury sustained by the appellee. That it is the duty of the master to exercise only ordinary or reasonable care to provide a reasonably safe place to work has been pointed out in

so many decisions of this court that it is somewhat surprising that this erroneous instruction should be continued to be requested and granted. In the Pickett Case, supra, the error in a similar instruction was pointed out, but, in view of the fact that there were reversible errors in other instructions, we did not decide whether or not the error in this particular instruction was cured by other instructions which correctly stated the rule as to the degree of care required of the master.

In the case at bar the appellant secured an instruction reading as follows: "The Court instructs you for the defendant that an employer is not an insurer of the safety of his employees, but that the employer is only under a duty to exercise ordinary care to furnish the employees with a reasonably safe place in which to work; and that if you believe from the evidence in this case that the defendant exercised ordinary care to make the place of plaintiff's work at the time of his alleged injuries reasonably safe, under all of the circumstances as shown by the evidence in this case, then it is your sworn duty to return a verdict for the defendant." All instructions in a case must be read and considered together as one, and when this instruction is read in connection with, and as a part of, the appellee's instruction, referred to above, we think the jury was furnished with a fair guide as to the measure of duty of the master, and that, consequently, the error in appellee's instruction does not justify or require a reversal.

Finally, it is contended that the verdict of $5,000 is so excessive as to evince passion and prejudice on the part of the jury. When the fertilizer base fell upon the appellee, he was knocked unconscious, and he was carried to a hospital, where he remained in an unconscious condition for approximately nine days. He remained in the hospital for twenty days, and then was carried to his home, where he was confined to his bed for three months. X-ray pictures disclosed that thirteen of ap-

pellee's ribs were broken, and an X-ray picture taken about two months after the injury showed that three of the ribs were not uniting properly. He was under the care of a physician for about five months, and there was testimony to the effect that up to the time of the trial of the case, about seven months after the injury, he continued to suffer severe pain and was unable to do any work. Upon this evidence, we are unable to say that the verdict is so excessive as to evince passion and prejudice on the part of the appellee.

The judgment of the court below will, therefore, be affirmed.

Affirmed.