# WHEAT *v.* TECHE LINES, INC.

(Division A.   March 14, 1938.)

[179 So. 553.   No. 33060.]

Gex & Gex, of Bay St. Louis, and **Grayson B. Keaton,** of Picayune, for appellant.

Porteous, **Johnson & Humphreys**, of New Orleans, La., and **White & Morse**, of Gulfport, for appellee.

414

McGowen, J., delivered the opinion of the court.

The essential facts in this case are as follows: In April, 1937, the appellant, with a companion by the name of Miller, was driving a light truck, which he owned, in a northwesterly direction along highway No. 90, when they stopped at a well near the highway, about 14 or 15 miles from Bay St. Louis, for the purpose of getting a drink of water. The truck evidently had a cab with a door. It was stopped on the right-hand side of the highway, facing north, as close to the ditch as possible. Ap-

pellant's companion, Miller, after drinking from the well, returned to his seat in the truck; and appellant, following him and preparing to open the door to the cab, saw a bus of the Teche Lines, Inc., approaching at a rapid rate of speed, which he estimated to be about 45 to 50 miles an hour. Seeing that the bus did not turn to the left, although the bus driver had 36 feet of highway to the left on which to drive past him and his truck, or slacken its speed as it neared him, and fearing that he would be struck, plaintiff stepped in front of the left fender of his truck; as the bus passed, missing him by not more than a foot, rocks and pieces of worn slag were thrown up, some of which broke the windshield of his motor truck, while particles striking him in the eye caused him to suffer pain and anguish, to obtain relief from which the services of a doctor were required.

Witnesses estimated the highway at this point to be about 40 feet wide. Constructed of a combination of gravel and rocks, it was estimated that "several hundred feet of the subsurface of the road, of that gravel stuff, was in bad order and loose stuff on there, and that loose stuff had kicked up in piles where the cars had thrown it together."

Red flags, 18 inches square, such as are used by the highway department to warn travelers along the highway, were placed some 300 feet north and south of this faulty section of the road, as a "caution sign," there being holes in its surface, and loose gravel and small pieces of composition thereon. The witnesses did not know who had placed the flags at the points north and south of this rough and worn stretch of road, but had seen them at various times during that day. One witness testified that, in addition to the warning given by the flags, the loose gravel and slag could be seen before this rough section of the road was reached. At the time of the accident there were no other travelers at that point.

On cross-examination of the appellee, its counsel exhibited to the appellant two photographs, asking if that was the way the road lay; to which he replied affirmatively, but added that if the photograph was taken in July it did not represent the condition of the road at the time he received his injury. The appellant objected to the introduction of these two photographs, but the court allowed them to be offered in evidence, and they were marked as exhibits in the case.

Under the allegations of the declaration the above statement of facts was competent, and none of its was objected to by the appellee. When the appellant rested his case, the appellee made a motion to exclude all testimony, and to direct a verdict for the defendant, which was sustained by the court.

The principal assignment of error is in regard to the peremptory instruction given by the court, it being asserted that the facts should have been submitted to the jury to determine whether or not negligence on the part of the appellee was shown, and that the question of negligence presented was one for the jury.

The applicable part of chapter 309, Laws of 1936, amending section 5569, Code of 1930, is as follows: ''No person shall operate a motor vehicle on a public highway, or street, avenue [or alley] of any city, town or village in this state at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway; or so as to endanger the life or limb of any person or the safety of any property.''

The evidence in this case does not show that the Teche Lines bus was being operated at a greater rate of speed than 50 miles an hour. But the statute provides that no person shall operate a motor vehicle on a public highway at a greater rate of speed than is reasonable and proper, having due regard to traffic and use of the highway, or so as to endanger the life or limb of any person. The highway, as described by the witness, for several

hundred feet at that point was the equivalent of a graveled highway, though probably even more dangerous to travelers thereon. Assuming that the driver of the bus, prior to this occasion, was unaware of the condition of the highway at this point, still the red flags placed as a warning of danger, in effect, said to the driver of a motor vehicle, ''Be careful, there's danger ahead!'' Not only that, but with 36 feet of clear space at this point, he drove the bus, at a high rate of speed, within 1 foot of the appellant and his truck. Presumably he saw the parked truck before reaching it. He was charged, as was his master, with knowledge of the fact that loose gravel and slag would be thrown with greater velocity by the bus traveling at a rapid rate, in close proximity to one standing alongside the road. In that situation it was for the jury to say whether or not the driver of the bus was traveling along the highway at such a rate of speed as was reasonable and proper; and whether, in passing the appellant and his car, he was in such close proximity thereto as to endanger the life or limb of any person then on the highway. It was for the jury to determine from these facts whether or not, under the circumstances, considering the warning of the flags, the close proximity of the on-coming bus to the truck and the human beings, such an injury could reasonably have been anticipated by a reasonably prudent person driving on that part of the highway.

That there is no negligence when a motor vehicle is driven at less than a fixed maximum rate of speed, is not the meaning of the statute. See Teche Lines, Inc., v. Bateman, 162 Miss. 404, 139 So. 159. Driving at 45 miles an hour, or more, along this rough highway, which was evidently worn down to the sub-base, with loose gravel and slag thereon, and holes in the road, in close proximity to the appellee, together with the warning of the red flags—all this creates a question for the jury as to whether or not negligence may be inferred from these

acts. In fact, the case at bar is stronger for liability than the Bateman Case, supra. It was for the jury to say whether the bus, driven over the highway under existing conditions, would throw bits of slag and rock with such force, when traveling at the rate of speed testified to, as to injure a bystander on the highway; and of course the closer he drove the bus to the bystander, the greater the force with which the flying objects would strike him. It was for the jury to say whether or not the driver exercised reasonable care, as a reasonably prudent person, in the situation as it has been described in the record; and whether or not he could reasonably have foreseen the possibility of injury to any person or property then and there. See, also, the case of Ulmer v. Pistole, 115 Miss. 485, 76 So. 522.

In determining the question of whether or not appellee was entitled to a directed verdict the evidence for appellant here must be treated as proving every fact favorable to appellant's case which is established either directly or by reasonable inference. The evidence is taken most strongly against him who is granted a peremptory instruction. Dean v. Brannon, 139 Miss. 312, 104 So. 173; American Trading Co. v. Ingram-Day Lbr. Co., 110 Miss. 31, 69 So. 707.

It is also true that it was error to permit these pictures to be offered to the jury, because there was no showing that they approximately represented the condition of the highway at that point as it existed at the time of the injury. See Gulf Research Development Co. v. Linder, 177 Miss. 123, 170 So. 646; Gulfport Fertilizer Co. v. Bilbo, 178 Miss. 791, 174 So. 65.

The lower court erred in granting a peremptory instruction herein.

Reversed and remanded.