## ROBINSON *v.* COLOTTA.

(In Banc. May 13, 1946.)

[26 So. (2d) 66. No. 36115.]

Ernest Kellner, of Greenville, for appellant.

802

**Forrest G. Cooper**, and **Howard S. Davis**, both of Indianola, for appellee.

804

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

The appellant sued the appellee in the Circuit Court of Sunflower County for alleged repairs to appellant's taxicab and loss of profits from the use thereof, and punitive damages, charging that a collision between his taxicab and a truck of appellee on July 4, 1945, was proximately due to negligence in the operation of appellee's truck in his business.

About 1:30 in the afternoon on the day of the occurrence, appellant's driver, Logan, was operating his taxicab on Nelson Street in Greenville, going in an easterly direction, when appellee's truck, driven by his driver, on the same street, was going in a westerly direction. The collision occurred at an intersection of Nelson and Hinds Street. Nelson Street runs east and west, and Hinds Street runs north and south. In the middle of Nelson Street there are parkways planted to vegetation,

which are located on the former right of way of an abandoned street car system. The day was clear and there was nothing to obstruct the vision of either driver, and each could have and should have seen the other. When the taxicab passed a point east of the center of the intersection, it turned left and north and was apparently in that position when the truck reached the intersection. Instead of passing west beyond the center of the intersection, the truck cut the corner of the parkway in such a way that the right front side of the truck struck the left front part of the taxicab. The driver of the taxicab testified that he saw the truck shortly before the collision and tried to turn to the right out of its way but could not. The driver of the truck testified that he did no see the taxicab until he was right on it, in spite of maintaining a lookout. The truck was on the wrong side of the intersection, the best we can discern from the record. In our judgment, the driver of the truck should have seen the taxicab, and his failure to see it cannot be plead in defense. There is a map of the intersection filed in the record, but it is exceedingly difficult for us to find much assistance from this diagram. The witnesses, who testified as to it, merely pointed to "here" and to "there", and in referring to the corners, did not specify which of the four corners was thus designated so that we could identify same. The testimony was thus rendered unclear, from the manner in which the witnesses pointed out before the jury the locations of the various incidents of the event on the map. This method almost brought the case into the condemnation of Hume et al. v. Inglis et al., 154 Miss. 481, 122 So. 535, and it is to be hoped that on the retrial of this cause the re-creation of the situations will be made clear, both on the map and from the method of eliciting testimony from the witnesses.

Appellant further complains that he was improperly refused two instructions by the trial court, and that all of the instructions granted appellee were erroneous. Appellant asked for and was refused an instruction that

the driver of the truck of the defendant was negligent in cutting the intersection of Nelson and Hinds Streets, and that he was guilty of negligence in failing to be on the lookout in entering said intersection, and if the jury believed from the evidence that the aforesaid negligence was the proximate cause of the collision shown by the evidence, it was their duty to find for the plaintiff and to assess damages in such amount as they believed from the evidence he had sustained, not to exceed the amount sued for. Appellee argues that this instruction is tantamount to a peremptory instruction for the appellant. We do not agree. There was nothing to prevent the drivers of these two motor cars from seeing the other's vehicle, and since the driver of the truck ought to have seen the taxicab, he should be deemed to have seen it in considering this instruction. We think the instruction is authorized by White v. Weitz et al., 169 Miss. 102, 152 So. 484. If appellee desired the jury to consider his rights in the matter of comparative negligence, if any, on the part of the driver of appellant's taxicab, he should have requested such an instruction. He did not do so. The trial court, therefore, could not voluntarily instruct the jury to apportion the damages and this Court cannot, therefore, consider comparative negligence here. Avent v. Tucker, 188 Miss. 207, 194 So. 596. The instruction furthermore instructed the jury that if they believe that cutting the corner, and failing to be on the lookout, in entering said intersection, were the proximate causes of the collision, that is to say, both combined, then they should find for the appellant. We think the instruction should have been given, since it was not a peremptory instruction on liability, under the language thereof.

The second instruction refused by the court to the plaintiff was properly refused, and it is not necessary to discuss it here, except to say that it does not conform to the rule laid down in Teche Lines, Inc., v. Pope, 175 Miss. 393, 166 So. 539, 540. The language of the instruction is: "were willful or wrongful, or done with a reckless

disregard of the rights of the plaintiff." The language of the decision is: "punitive damages are recoverable not only for willful and intentional wrong, but [also] for such gross and reckless negligence." A careful comparison of the language involved will demonstrate the departure of the instruction from the announcement of this Court in its decision.

Instruction No. 1 for appellee, in our judgment, is a correct abstract statement of the rules of the road, but it ignores in this particular case the admission of appellee's driver that he cut the corner (and was therefore on the wrong side of the middle of the intersection), and it ignores the further fact that appellant's taxicab was entering on the right side of the intersection, and was confusing and should not have been given.

Appellee's instruction No. 2 is erroneous because it ignores the rights of appellant under the doctrine of comparative negligence. To justify this instruction, the plaintiff's negligence, if any, must have been the sole, proximate cause of the collision.

The other instructions of the appellee are erroneous and should not have been given where they ignore likewise the doctrine of comparative negligence, and where they put too heavy a burden on the driver of the taxicab by assuming that the taxicab was the sole, proximate cause of the collision, and where they ignore the aforesaid admission by the driver of the truck that he cut the corner of the intersection and was therefore on the wrong side of the center thereof when the accident occurred.

Since the case must be sent back for retrial due to errors above, we do not discuss other assignments of error. We reverse the judgment of the lower court, therefore, and remand the case for a new trial.

Reversed and remanded.