BATES *v.* WALKER AND THE MERCHANTS COMPANY

No. 40680          February 24, 1958          100 So. 2d 611

*Jackson & Ross,* Jackson, for appellant.

*Watkins & Eager,* Jackson, for appellees.

HOLMES, J.

The appellant, Carrie Bates, sued the appellees, Samuel L. Walker and The Merchants Company, for damages alleged to have been sustained by her as the result of a collision between an automobile driven by her and one driven by Samuel L. Walker as the servant and employee of The Merchants Company. It was charged that the collision was caused solely by the negligence of Walker in the operation of his car. A requested peremptory instruction for the defendants was refused and the case was submitted to the jury under other instructions and resulted in a verdict for the defendants.

The collision occurred about 6:30 o'clock in the morning on October 2, 1956 at the intersection of Roach and Pascagoula Streets in the City of Jackson. At this intersection there was installed and in operation on the occasion here involved an overhead flashing signal for the control of vehicular traffic. As this signal operated, a red lens was illuminated by rapid intermittent flashes for the control of vehicular traffic moving south on Roach Street and approaching said intersection, and a yellow lens was illuminated with rapid intermittent flashes for the control of vehicular traffic moving east on Pascagoula Street and approaching said intersection. On the morning in question, the appellant, Carrie Bates, was driving south on Roach Street in her red 1954 Mercury automobile and approaching the intersection in question. She was on her way to work at the Flowood Grill Cafe where she was employed as head cook. She was accompained by Rose Russell, who at the time was employed as a dishwasher at the Flowood Grill Cafe. It was daylight and the weather was clear. According to the testimony of the appellant, she was proceeding south on Roach Street in the direction of said intersection, traveling at a rate of speed of about 25 miles per hour. She testified that as she approached the intersection and got nearly to it, she looked down Pascagoula Street to her right and saw no cars, and that she did not stop but slow-

ed down to a rate of speed of about 20 miles per hour and drove into the intersection, and that as she got just under the traffic light in the intersection, her car was struck by a car driven by the appellee Walker. She further testified that it was struck on the right side between the right door and the back wheel and that the impact was such as to cause her car to be knocked around and to go backwards to a filling station, variously estimated to be 75 to 120 feet away, where it struck a parked Chrysler automobile. She was thrown from her car and sustained extensive and serious personal injuries and extensive damages to her automobile.

She admitted that as she approached the intersection the flashing light was in operation and was flashing red toward her and that she did not stop but slowed down before entering the intersection. Rose Russell, who was with her, testified about to the same effect. Rose said that as they approached the intersection the traffic signal was flashing red on one side and yellow on the other, and under questioning, she then said: ''I believe it was blinking red on the side we were on. Q. Blinking red toward you. A. Yes, sir.'' Rose further testified that as they entered the intersection they were traveling about 25 miles per hour.

The appellee Walker testified that he was employed by The Merchants Company as a traveling salesman, and on the occasion in question he was driving a Chevrolet automobile which belonged to The Merchants Company, and was on his way to the place where he worked; that he was proceeding east on Pascagoula Street and that as he approached the intersection he looked in both directions on Roach Street and saw no vehicles approaching, and then as he started into the intersection and the front of his car got about three feet in the intersection, he looked again to the north on Roach Street and saw the car driven by appellant coming at a fast rate of speed; that the signal light was flashing yellow on his side and

he was proceeding in the intersection with caution; that when he saw the car approaching, he brought his car to a complete stop; that the car driven by the appellant did not stop before entering the intersection but proceeded into the intersection, and that the right side of the front bumper of the appellant's car struck the left side of the front bumper of his car, and that the impact was so great as to turn the appellant's car completely around and that it went backwards to a filling station about 120 feet away and struck a Chrysler car which was there parked.

W. R. Butler corroborated the testimony of Walker. He testified that he was working at the time at the main office of 555 Service Station at the corner of Pascagoula and Roach Streets; that he had just opened up and had brought out some oil and was standing about six feet out in front of the office door of the service station; that he then started back in the building and "this car shot by"; that the car was going south on Roach Street at a tremendous rate of speed which he estimated to be at least 55 or 60 miles an hour. He was asked what happened when the car reached the intersection and he said: "Well, the car was coming east on Pascagoula Street and she ran into him, ran over him I would say." He said that the car approaching the intersection on Pascagoula Street had come almost to a stop. He further testified that the appellant's car hit the left front bumper on Walker's car and that the appellant's car was turned around sideways and went down Roach Street backwards to a filling station; that from the time he first saw the red car it did not slacken its speed or apply the brakes. He further testified that he had a clear view.

Both Walker and Butler testified that there was ample room in the intersection for the appellant to have passed through the intersection on the east side of Walker's car without colliding therewith.

The appellees introduced in evidence two ordinances of the City of Jackson. One fixed the speed limit of auto-

mobiles at 20 miles per hour in the business district, and 30 miles per hour in the residential district. The other prescribed requirements for the control of vehicular traffic at intersections where flashing signals are installed. This latter ordinance is identical in its provisions with the provisions of Section 8158, Vol. 6, Recompiled, Mississippi Code of 1942, which reads as follows:

"Whenever flashing red or yellow signals are used they shall require obedience by vehicular traffic as follows:

"1. Flashing red (stop signal). When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.

"2. Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past such signal only with caution."

It will be noted that according to the undisputed evidence, and indeed according to the appellant's own admission, the appellant approached the intersection with the signal light flashing red in her direction and failed to stop before entering the intersection in violation of an ordinace of the City of Jackson and of said Section 8158 of Vol. 6 Recompiled, Mississippi Code of 1942. In this state of the proof, the court instructed the jury at the request of the appellees that appellant's failure to stop before entering the intersection was a violation of the applicable law and was, therefore, negligence, but the court submitted for the determination of the jury the issue as to whether such negligence was the sole cause of the collision, and the jury resolved this issue in favor of the appellees. Such instruction was proper under the decision of this Court in the case of White v. Weitz, et

al, 169 Miss. 102, 152 So. 484, and the appellant does not complain thereof.

■■■ The appellant contends, however, that the trial court erred in refusing her request for two instructions based upon Section 8195, Vol. 6 Recompiled, Mississippi Code of 1942, which provides that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway. It is argued by the appellant that the refusal of these two instructions denied to the appellant the right to have submitted to and passed upon by the jury her theory that having first entered the intersection she was entitled to the right of way therein under said Code Section 8195. We are of the opinion, however, that the court was correct in refusing the two requested instructions for the reason that said Code Section 8195 prescribes the general rule as to an ordinary intersection and has no application under the facts of this case. We held in the case of Tant v. Fairchild, 87 So. 2d 78, that the general rule has no application where there are unusual conditions existing at the intersection. More important, however, is the fact that the Legislature, in the enactment of Section 8195, Vol. 6 Recompiled, Mississippi Code of 1942, has seen fit, in the interest of public safety, to make other and special requirements for the control of vehicular traffic at intersections where flashing signals have been installed. Thus it is clear to us that the applicable statute under the facts of this case is Section 8158 and not Section 8195. We therefore find no error in the action of the trial court in refusing the two instructions referred to.

The appellant further contends that the trial court erred in refusing its requested instruction on the question of damages. Of course, this complaint of the appellant is not material here in view of the fact that the jury resolved the issue of liability against the appellant. Even if the complaint were material, however, it

is readily apparent from a reading of the requested instruction that it assumes negligence on the part of the appellees and was properly refused.

We are accordingly of the opinion that the contentions of the appellant are not well founded and that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.*, and *Hall, Lee* and *Ethridge, JJ.*, concur.