NETTERVILLE *v.* CRAWFORD, et al.

No. 40729                    May 19, 1958                    103 So. 2d 1

*Robert L. Netterville,* Natchez, *McClaren, Dixon & Mc-Millan,* McComb, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson; *Roach & Jones,* McComb, for appellees.

Roberds, P. J.

On the night of April 17, 1954, about three o'clock in the morning, Alfred Wilkinson, was driving a truck-trailer vehicle on U. S. Highway 61, about half a mile south of the Homochitto River bridge. Wilkinson was alone in the truck. He was the servant of Benton E. Crawford and Bobbie C. Crawford, doing business as "Crawford-Benton Plumbing & Butane Company", located in McComb, Pike County, Mississippi. The trailer had upon it a large butane tank, loaded with butane gas. The butane gas was being transported from Benton, Louisiana, to McComb, Mississippi.

At the same time Fred Netterville was driving an automobile on the same highway. Both vehicles were traveling south. Netterville ran into the rear end of the butane gas truck, causing damage to his automobile and to himself personally. Netterville sued Wilkinson and the Crawfords in an effort to recover a money judgment for the property damage and his personal injuries. The jury returned a verdict for Wilkinson and the Crawfords, from which Netterville has appealed to this Court.

Only one question is raised on the appeal. Netterville requested, and was refused, a certain instruction. He says that is reversible error. The refused instruction reads:

"The Court instructs the jury for the plaintiff that it is the law in this state that no motor vehicle shall be driven at a speed less than 30 miles per hour on a Federal designated highway where no hazard exists. However there is an exception to this law when reduced speed is necessary for safe operation or when a vehicle or a com-

bination of vehicles is necessarily, or in compliance with law or police direction, proceeding at a reduced speed.

"The Court further instructs you, that if you believe from a preponderance of the evidence in this case that the defendant, Wilkinson, was driving his vehicle on a Federal designated highway at said time and place of the accident a a speed less than 30 miles per hour, where no hazard existed, and at a time when a reduced speed was not necessary for the safe operation of his vehicle, and at a time when a vehicle or a combination of vehicles were not acting under police or law officers direction, and that said reduced speed of less than 30 miles per hour was the proximate cause, or a contributory cause of the accident, then, it is your sworn duty to return a verdict for the plaintiff."

The instruction is based on Section 8178, Miss. Code 1942. That section is in these words: "No motor vehicles shall be driven at a speed less than thirty (30) miles per hour on federal designated highways where no hazard exists. Exception to this requirement shall be recognized when reduced speed is necessary for safe operation, or when a vehicle or combination of vehicles is necessarily, or in compliance with law or police direction, proceeding at a reduced speed.

"Police officers are hereby authorized to enforce this provision by directions to drivers, and in the event of apparent wilful disobedience to this provision and refusal to comply with the direction of an officer in accordance herewith the continued slow operation by a driver shall be a misdemeanor."

The question is grounded in this setting: The declaration, among other alleged grounds of negligence, charged that the truck at the time of the accident, was being driven at a slow rate of speed, much slower than thirty miles per hour, when no hazard existed, and such reduced speed was not necessary for the safe operation of the truck, nor was there "a vehicle or combination of vehicles * * *

necessarily, or in compliance with law or police direction, proceeding at a reduced speed.'' In other words, the charge is that the butane truck was traveling at a rate of speed much less than thirty miles per hour when no fact existed justifying such slow speed under said Section 8178.

The accident happened about half a mile south of the Homochitto River bridge on said U. S. Highway 61, and a short distance north of the Village of Doroso. The road is paved. At, or near, the south end of the bridge the road curves to be right, or west, and begins a slight incline, which incline continues a distance of about a mile, or mile and a half, to, or near, Doloroso. The night was clear, with a slight fog in the river bottom. As stated, both vehicles were traveling south in the same lane, (the west lane), of the road. There is a center line to govern the passage of traffic. On the question being considered Wilkinson testified his speed was about twenty miles per hour. Netterville testified that Wilkinson told him right after the accident that he, Wilkinson, was traveling about ten miles per hour. Netterville himself was traveling some forty-five to fifty miles per hour in a sixty-mile zone. He said the butane gas tank suddenly ''loomed up'' before him; he put on his brakes and skidded into the rear of the butane truck.

██ Whether or not the requested instruction should have been granted has given us much concern. We have concluded that the instruction should have been given and the jury should have been permitted to say whether or not the statute was being violated, and, if so, whether such violation was a proximate cause of the damage and injury. Stone v. Sigel, (Minn.), 248 N. W. 285; Gant v. Hobson, (N. C.), 82 S. E. 2d 384; Peigh v. Baltimore & O. R. Company, (District of Columbia), 204 Fed. 2d 391; Templar v. Tongate, 71 Wyo. 148, 255 P. 2d 223; Pohlman v. Perry, 122 Ind. App. 222, 103 N. E. 2nd 911; Wheat v. Teche Lines, Inc., 181 Miss. 408, 179 So. 553; City of

Jackson v. Roy Henry Reed, Minor, by his Mother and Next Friend, Mrs. Henrietta Reed, No. 40,764, handed down by this Court April 28, 1958, not yet reported in state reports. Not all of the cited cases deal with the question of granting or refusing instructions, but they do deal with principles applying to the right of juries to decide whether defendant had violated speed statutes and, if so, whether such violation was a proximate cause of the injury or damage. We deem the City of Jackson case nearest in point on the question being considered. That case involved the manner of making a left turn on a city street and the violation of a state statute and a city ordinance regulating the manner of such turning. The following instruction was granted plaintiff: "The Court instructs the jury for the plaintiff, Roy Henry Reed, that the defendant, Walter Riddley, was guilty of negligence in cutting the intersection of North West and Manship Streets, and if you believe from a preponderance of the evidence that the aforesaid negligence on the part of Walter Riddley was a proximate contributing cause of the collision shown by the evidence, then it is your sworn duty to find for the plaintiff against Walter Riddley and the City of Jackson."

This Court then quoted Section 8189 (3), Code of 1942, Recompiled, and Section 1683 (B) of the Ordinance of the City of Jackson, regulating the manner in which motor vehicles should make left turns, and the Court then said: "Riddley, both by his answers and in pointing out the course of his left turn, admitted that he did not comply with the above state and municipal provisions. In other words, he admitted that he violated them. The appellant frankly concedes that Riddley "cut the corner", since he violated the above provisions in the way and manner in which he made the left turn. The court properly instructed the jury that he was guilty of negligence in this regard. White v. Weitz, 169 Miss. 102, 152 So. 484; G. & S. I. R. R. Company v. Bond, 181 Miss. 254,

179 So. 355; Robinson v. Colotta, 199 Miss. 800, 26 So. 2d 66; Planters Wholesale Grocery Company v. Kincade, 210 Miss. 712, 50 So. 2d 578. But the instruction went further and required the jury, before it could find a verdict for the plaintiff on account of that negligence, to believe from the preponderance of the evidence that such negligence was a proximate, contributing cause of the collision.''

In White v. Weitz, et al., supra, this Court dealt with the propriety of granting instructions of this nature to both plaintiffs and defendants. The Court said: ''It is the prima facie presumption of the statute that cannot be used on the issue of liability where the facts and circumstances are in evidence. That does not mean, however, that the court cannot instruct the jury for the plaintiff that a violation of the statute by the defendant is negligence, and where such negligence is the proximate cause of the injury the plaintiff is entitled to recover, or, on the other hand, instruct the jury on behalf of the defendant that if the violation of the statute by the plaintiff was the sole proximate cause of the injury the plaintiff is entitled to recover. It is the statutory presumption of negligence standing alone that neither party is entitled to use as a witness where all the facts and circumstances are in evidence.''

In the case at bar, Netterville being entitled to the requested instruction and being denied it, was deprived, we think, of a substantial right, requiring a reversal and remand of the case.

Reversed and remanded.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.