JONES, Justice:
This suit was filed in the Circuit Court of Chickasaw County by Merline Gates against Mrs. Katherine M. Woolverton and Harry J. Green. The basis of the action was alleged negligence arising from an automobile collision in the intersection of North Green Street and Franklin Street in the City of Tupelo (Lee County) about 3:30 p. m., July 4, 1966, in which appellant was injured. The trial resulted in a judgment for the sum of $3,000 against the appellee, Harry J. Green, and a finding in favor of the other appellee, Mrs. Katherine M. Woolverton. The appellant appeals as against both appellees. We affirm the case as to the appellee, Mrs. Woolverton, and reverse and remand without prejudice for a new trial on damages alone as to Appel-lee Green.
The issues presented to us are: (1) whether appellant was entitled to a peremptory instruction on liability against both appellees and particularly Mrs. Woolverton, (2) whether Mrs. Woolverton was entitled to a sudden emergency instruction, and (3) whether the verdict against Green is inadequate.
Jurisdiction was had in Chickasaw County because the appellee, Green, was a resident there. Mrs. Woolverton was a resident of Lee County.
While we do not recite all the facts, these are sufficient insofar as the issue of Mrs. Woolverton’s liability is concerned:
Green was in Tupelo with his car, and at the request of appellant, he and two other men were carrying her and her friend to a swimming pool. They drove north along Green Street which extends generally in a north and south direction. Franklin Street extends generally east and west and intersects Green Street at a right angle.
Mrs. Woolverton left her place of employment to go home, traveling west on Franklin Street, and reached the intersection about the same time as Green and the collision occurred in the intersection.
An electric traffic signal controls the flow of traffic at this intersection. Green said as he approached the crossing he had the green light, but that it started to change just as he entered the intersection. Mrs. Woolverton testified that as she approached the intersection she looked at the light once and it was green, and that as she got nearer she looked again and that it was green on her side when she entered the intersection. At one point in her testimony she said that she and the Green car entered the intersection about the same time. Later she said she did not see the Green car until it was about two steps from her. ' The collision occurred in the north or northeastern part of the intersection and as the cars collided, according to the proof, *830 Green’s car turned or slid and both cars went into the northwest corner of the intersection where there was another car which, headed south on Green Street, had stopped for the red light.
In determining whether a peremptory instruction should have been given against Mrs. Woolverton, we are required to look only to the testimony in her behalf and taking it as true, together with all reasonable inferences which could be drawn therefrom favorable to her, decide if thereby a verdict for her would be sustained; if so, a directed verdict should not be given. Jobron v. Whatley, 250 Miss. 792, 168 So. 2d 279 (1964); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); Buntyn v. Robinson, 233 Miss. 360, 102 So.2d 126 (1958).
Appellant, a guest in Green’s car, testified that as Green approached the intersection he was traveling forty or fifty miles per hour. Mrs. Woolverton said she was going around fifteen or twenty miles per hour as she approached the intersection. She claimed to have the green light when she entered the intersection and was corroborated in this claim by the fact there was a car headed south on the north side of the intersection of Green Street which had stopped for the red light. Some of the people in the stopped car testified the light was green for Mrs. Woolverton when she entered and that Green ran the red light. Witnesses sitting on a porch of a house near the intersection said Mrs. Woolverton had the green light when she entered. Green testified the light started to change just as he entered the intersection.
It was sought to hold Mrs. Woolverton liable peremptorily because she testified she did not see the Green car until it was about two steps from her. On this testimony, appellant, Gates, argues that Mrs. Woolverton convicts herself of not keeping a proper lookout and that since the evidence is the collision occurred north of the center of the intersection, Green was bound to have first entered. As to this, the appellant herself said Green was traveling at least twice as fast as Mrs. Woolverton, which could explain the place of the happening.
Appellant relies on the law as stated in such cases as: Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952); Robinson v. Colotta, 199 Miss. 800, 26 So.2d 66 (1946).
These cases announce the law as to lookout and control of the car upon the highway, and the law as to intersections on the highway or elsewhere without traffic lights or signals or officers directing traffic, and do not consider Sections 8157 or 8158 of the Mississippi Code 1942 Annotated (1956) which read:

Section 8157.

Whenever traffic is controlled by traffic-control signals exhibiting the words “Go,” “Caution,” or “Stop,” or exhibiting different colored lights successively one at a time the following colors only shall be used and said terms and lights shall indicate as follows:
(a) Green alone or “Go.”
1. Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited.
* ‡ * * * *
(b) Yellow alone or “Caution” when shown following the green or “Go” signal.
1. Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at the intersection, but *831 if such stop cannot be made in safety a vehicle may be driven cautiously through the intersection.

(c) Red alone or “Stop.”
1. Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at an intersection or at such other point as may be indicated by a clearly visible line and shall remain standing until green or “Go” is shown alone.
>{c * % ‡ *

Section 8158.

Whenever flashing red or yellow signals are used they shall require obedience by vehicular traffic as follows:
1. Flashing red (stop signal). When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.
2. Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past such signal only with caution.
These sections regulate traffic at intersections equipped with traffic or signals and the following cases relate to such intersections and govern here: Bates v. Walker & Merchants Co., 232 Miss. 804, 100 So.2d 611 (1958); Jobron v. Whatley, 250 Miss. 792, 168 So.2d 279 (1964).
Bates holds a party is not entitled to an instruction that one should yield to the car first entering an intersection where the statute requires stopping before entering the intersection on flashing red light and that Section 8195 prescribes the general rule as to an ordinary intersection and not one with traffic lights and signals.
Jobron holds a party has the right to assume a driver will obey the law requiring him to stop before entering an intersection, until he knows or should know otherwise in the exercise of ordinary care.
The lower court was amply justified in submitting the question as to Mrs. Woolverton’s liability to the jury. Bates v. Walker, supra; Buntyn v. Robinson, supra; Jobron v. Whatley, supra; Mrs. Clydie Hudson, as Mother & Next Friend of Barbara Nichols v. Richardson, 211 So. 2d 839 (Miss.1968).
Mrs. Woolverton obtained a “sudden emergency” instruction which should not have been given. It was not justified by the evidence. It does not comply in form with previous decisions of this Court, nor does the evidence sustain the allegation of a sudden emergency; after the collision became imminent, Mrs. Woolverton had no choice in her action. Appellant obtained, as to Mrs. Woolverton, instructions to find against her: (1) If she entered the intersection when it was already occupied by Green’s car; (2) if the signals were wrong for her; (3) if she failed to keep a proper lookout or to have her car under control, or (4) if she were operating her car at excessive speed under the circumstances.
We cannot see how the jury could have been misled, and find such instruction harmless, therefore, we affirm the case as to Mrs. Woolverton.
Appellee Green has made no appearance here, by oral argument, brief or otherwise. Appellant presents in her assignment of errors and in her brief the argument that the verdict is so inadequate as to evidence bias and prejudice on the part of the jury.
This argument is unchallenged here. Our action on that issue should be and is con *832 trolled by U. S. F. & G. Co., et al. v. State of Mississippi for Use and Benefit of E. W. Tompkins, 204 So.2d 852, 853 (Miss.1967), wherein we held:
We have carefully considered the brief of the appellant, as well as the record, and we cannot say that we can with entire confidence affirm the case. In fact, it is our opinion that this case is controlled by Lawler v. Moran, 245 Miss. 301, 302, 148 So.2d 198, 199 (1963), wherein we stated in quoting from Gulf M. & O. RR v. Webster County, 194 Miss. 660, 13 So.2d 644 (1943):
“The failure to file this brief (by the appellee) is tantamount to a confession of error, and will be accepted as such, and the judgment of the court below will be reversed, since an answer to the appellant’s brief cannot be safely made by us, without our doing that which the ap-pellee, by its attorney, should have done, i. e., brief the appellee’s side of the case. This we are not called on to do, therefore the case falls within, and is governed by, W. T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527.”
We therefore affirm as to liability of appellee, Green, but reverse and remand as to him without prejudice for a new trial on the amount of damages alone.
Affirmed as to appellee Woolverton; affirmed as to liability of appellee Green; reversed without prejudice as to Green for a new trial on question of damages alone.
GILLESPIE, P. J., and RODGERS, BRADY, and SMITH, JJ., concur.