JAMES D. HESTER, Commissioner
for the Court:[1]
Eugene Brown, et al., filed suit in the Circuit Court of Prentiss County against Billy M. McCoy for damages as a result of the traffic death of an eight-year-old child. After trial, the jury returned a verdict for the defendant and the plaintiffs appeal, assigning as errors:
(1) The trial court erred in refusing Instructions P-3, P-5 and P-6 requested by appellants.
(2) The Court erred in granting Instructions D-3, D-4 and D-6 requested by appel-lee.
U. S. Highway No. 45 runs in a north-south direction in the Town of Baldwyn and on the east side of said highway is located Baldwyn Elementary School. About 2:30 p. m., January 13, 1976, the eight-year-old child had crossed the highway to the west side and was returning to the east side when he was struck and killed by an automobile driven by appellee north on said *188 highway. Appellee testified that he was driving the vehicle from fifteen to twenty miles per hour.
Did the trial court err in refusing Instructions P-3, P-5 and P-6 requested by appellants?
The requested instructions were to the effect that it is negligence for a person to operate a motor vehicle in excess of ten (10) miles per hour while passing a public school and that if a speed in excess of ten (10) miles per hour proximately contributed to the death of the child, the jury should return a verdict for the plaintiffs.
Mississippi Code Annotated section 63-3-515 (1972), the substance of which was originally codified in section 5776 of Hemingway’s Code of 1917, provides as follows:
SPECIAL SPEED REGULATIONS NEAR PUBLIC SCHOOLS AND CHURCHES AND UPON LEVEES AND CAUSEWAYS.
No person running or operating, or causing to be run or operated a motor vehicle, shall pass a public school, on school days, when school is held, between the hours of eight o’clock ante meridian and four o’clock post meridian, or pass a building of public worship on the Sabbath Day during the usual hours of service, or cross a levee or causeway where the traveled portion of the roadbed is less than sixteen feet wide, at a greater rate of speed than ten miles per hour. (Emphasis added).
The regulation of vehicular traffic, including speed restrictions, is peculiarly a function of the legislature, exercised under its police powers. This power to regulate motor vehicle speed has been delegated by the legislature in certain instances and under prescribed circumstances to one or more agencies of the state and to local political subdivisions.
The first Uniform Highway Traffic Regulation Act was adopted in Mississippi in 1938 (Chapter 200, Laws of 1938). The speed restrictions imposed by this enactment were codified as Section 8176, Code of 1942, and prima facie speed limits were established therein. Authority was delegated to the State Highway Commission to reduce the maximum speed limits thus fixed “upon the basis of an engineering and traffic investigation” when it was determined “that any speed hereinbefore set forth is greater than is reasonable or safe under the conditions found to exist.” Such reduced speed limit thus fixed by the Commission became “effective when appropriate signs giving notice thereof are erected . .” Significantly, there was not included the authority to increase the maximum speed limits fixed by the legislature. Subsequently, Chapter 200, Laws of 1938, was amended by Chapter 442, Laws of 1970, so as to grant unto the Commission the authority to increase maximum speeds on any portion of the Interstate Highway System.
The same Uniform Highway Traffic Regulation Act delegated to local authorities, within their respective jurisdictions, limited authority to reduce maximum speeds “fixed by this act.” Again, no power or authority was delegated to increase speed limits. (See Chapter 200, Laws, 1938, codified as section 8177, Code of 1942, and amendments thereto, Chapter 328, Laws, 1948, and Chapter 397, Laws, 1956).
A minimum speed regulation, codified as section 8178, Code of 1942, was also included in Chapter 200, Laws of 1938. This provision had limited application. The minimum speed of thirty miles per hour applied only “on federal designated highways where no hazard exists,” and the Act further provided:
[EJxception to this requirement shall be recognized when reduced speed is necessary for safe operation, or when a vehicle . is necessarily, or in compliance with law . . . proceeding at a reduced speed. . . . (Emphasis added)
It is not necessary to decide whether a public school situated adjacent to U. S. Highway 45 constitutes a place where a “hazard exists” as contemplated by Chapter 200, Laws of 1938. Suffice it to say the minimum speed of thirty miles per hour fixed for vehicular traffic on federally des *189 ignated highways is subject to two exceptions which “shall be recognized,” namely, (1) “when reduced speed is necessary for safe operation,” and (2) “when a vehicle . is . . ., in compliance with law . . ., proceeding at a reduced speed . . . Driving on a federally designated highway at less than the minimum speed fixed by the statute is not only permitted when necessary for safe operation, but is specifically mandated by section 63-3-515, Mississippi Code Annotated (1972), when a driver is passing a public school during regular school hours, as was the case here.
Appellee has presented an exhaustive argument in support of his contention that Mississippi Code Annotated section 63-3-515 (1972), despite its successive re-codifications since its initial enactment in 1917, has been repealed by implication, more specifically by that provision of section 51, Chapter 200, Laws of 1938, which provides in part that:
No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.
We fail to find any conflict in the two statutes. Instead of being repugnant each to the other, they can be harmonized and express a clear legislative intent to preserve the provisions of section 63-3-515. In addition to its survival from the infant days of automobile travel, it has withstood significant and comprehensive remodelings of this state’s traffic laws, and its purpose is still as salient as ever. Repeal by implication has never been favored judicially. Rather, repeal is limited to situations where later statutes are plainly, unavoidably, and irreconcilably repugnant to an earlier enactment. In the relatively recent case of Jackson Municipal Airport Authority v. Shivers, 206 So.2d 190 (Miss.1968), this Court, in citing Ascher and Baxter v. Edward Moyse & Co., 101 Miss. 36, 57 So. 299 (1911), noted:
In 36 Cyc., p. 1073, the rule is thus laid down: “Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, being the latest expression of the legislative will, must govern, although it contains no repealing clause. But it is not sufficient to establish such repeal that the subsequent law covers some or even all of the cases provided for by the prior statute, since it may be merely affirmative, or cumulative, or auxiliary. Between the two acts there must be plain, unavoidable, and irreconcilable repugnancy, and even then the old law is repealed by implication only pro tanto, to the extent of the re-pugnancy. If both acts can, by any reasonable construction, be construed together, both will be sustained.”
In Netterville v. Crawford, 233 Miss. 562, 103 So.2d 1 (1958), this Court held that it was reversible error for the trial court to refuse an instruction which (1) encompassed the provisions of the minimum speed restriction of Mississippi Code Annotated section 8187 (1942), and (2) stated that a violation thereof constituted negligence, and (3) permitted the jury to find from a preponderance of the evidence whether the statute had been violated and, if so, whether such negligence constituted the proximate cause, or contributory cause, of the accident. There the proof was not such as to permit the Court to conclude, as a matter of law, that the statute had been violated, and reiterated the rule as set forth in White v. Weitz, 169 Miss. 102, 152 So. 484 (1934):
It is the prima facie presumption of the statute that cannot be used on the issue of liability where the facts and circumstances are in evidence. That does not mean, however, that the court cannot instruct the jury for the plaintiff that a violation of the statute by the defendant is negligence, and where such negligence is the proximate cause of the injury, the plaintiff is entitled to recover, or, on the other hand, instruct the jury on behalf of the defendant that if the violation of the statute by the plaintiff was the sole proximate cause of the injury the plaintiff is not entitled to recover. It is the statutory presumption of negligence standing alone that neither party is entitled to use *190 as a witness where all the facts and circumstances are in evidence.
In City of Jackson v. Reed, 233 Miss. 280, 102 So.2d 342 (1958), the driver admitted that he did not comply with Mississippi Code Annotated section 8189 (1942), which had been adopted by the City of Jackson, the Court said: “The court properly instructed the jury that he was guilty of negligence in this regard.” ■
The trial court committed reversible error in declining to grant an instruction to appellants that defendant was negligent as a matter of law. This leaves the question for the jury to determine if the negligence of the defendant proximately caused or contributed to the accident.
II.
Did the trial court err in granting Instructions D-3, D-4, and D-6 requested by appellee?
Appellants entered no objection to the instructions complained of and the assignment will not be considered by the Court on appeal. Standard Furniture Co. v. Wallace (Maxico, Inc.), 288 So.2d 461 (Miss. 1974); Berry v. State, 288 So.2d 457 (Miss. 1974); Jones v. State, 279 So.2d 594 (Miss. 1973); Gaines v. State, 272 So.2d 919 (Miss. 1973); Maness v. Illinois Centr. R.R. Co., 271 So.2d 418 (Miss.1972); Ferrill v. State, 267 So.2d 813 (Miss.1972); Moore v. State, 264 So.2d 414 (Miss.1972); and Clark v. State, 260 So.2d 445 (Miss.1972).
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ. and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.