PATTERSON, Chief Justice,
for the Court:
Sarah Howard brought a negligence action against Marion T. Young, III, in the Circuit Court of Quitman County for injuries sustained in an automobile collision. After Howard put on her proof, the case was submitted to the jury, which failed to reach a verdict. The court entered an order of mistrial and continuance on September 16, 1982.
The following week Young moved for judgment notwithstanding the mistrial. On February 2, 1983, the court sustained the motion and dismissed Howard’s complaint with prejudice. Aggrieved, Howard appeals.
This ease arises from a two-vehicle collision which killed three of the five people involved. One of the survivors was Sarah Howard, who was asleep at the time of the crash. The other is the defendant Marion T. Young, III. There were no other witnesses to the collision. Due to these circumstances, the facts are sketchy and not greatly disputed. Most of them, as revealed by the pretrial order, were established by the pleadings or by stipulation or admission, including the following:
At approximately 1:00 o’clock a.m., on Saturday, April 18, 1981, Marion Young was driving his pickup truck in a southerly direction on Highway 3, approaching Darling, Mississippi. He was alone.
At that time Sarah Howard was a passenger in the back seat of a green Dodge Colt station wagon, driven by Iris Rice Sims, approaching Darling from the south.
The pickup and the station wagon collided at or near the intersection on Highway 3 in Darling.
*91 As a result of this collision Sarah Howard incurred hospital bills totaling $25,-010.04. At the time Howard was 23 years old and had a remaining life expectancy of 52.8 years.
The insurer for Iris Rice Sims paid Howard $7,000.00, her pro rata share of the policy limits. Howard then brought this action against Young, alleging the collision was the result of concurrent negligence on the part of Young and Sims.
The posture of this case requires us to consider the evidence in the light most favorable to Howard and to disregard any evidence on the part of Young which is inconsistent with evidence favorable to Howard. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss.1975); General Tire & Rubber Co. v. Darnell, 221 So.2d 104 (Miss.1969). We conclude evidence presented by Howard and set out below constitutes a prima facie case of concurrent negligence on the part of Young which should have been submitted to the jury.
Young testified that on the morning of the collision he was traveling south on Highway 3 at approximately 55 miles per hour. As he approached the Darling intersection, which he knew to be a dangerous one, he began to decrease his speed in preparation for a right turn. Before making the turn, he decided differently and returned his foot to the accelerator. At that point the crash occurred. Young testified further that although his headlights illuminated the way approximately 70 yards ahead of him and although there were no obstructions to his vision, he did not see Sims’ vehicle at any time before the collision. He also testified that had he seen the automobile in time, he would have been able to avoid it by turning either to the left or the right. Physical evidence revealed extensive damage to both automobiles but especially to the front right side of Sims’ vehicle. The crash occurred in Young’s lane of traffic.
We are of the opinion this evidence could support a reasonable inference that Young was negligent in failing to maintain a proper lookout and that this negligence was a proximate contributing cause of the collision. We therefore reverse the judgment notwithstanding the mistrial and remand the case so that the jury may determine the factual issues.
We are of the further opinion the jury should be permitted on retrial to consider the issue of Young’s speed as it relates to the question of negligence. We reach this decision in view of the testimony that the collision occurred on a particularly dark night at an intersection Young knew to be dangerous. The evidence also reflects the Sims’ automobile was struck in the right front quadrant indicating the driver of it had possibly reduced speed to make a left turn at the intersection. This aspect of the testimony should be considered in conjunction with Young’s statement that he was driving at approximately 55 miles per hour. There is physical evidence, additionally, and that is the great damage to the automobiles shown by the photographs which could be indicative of excessive speed. All of this was relevant to the issue of concurrent negligence which was improperly excluded by the trial court. Wheat v. Teche Lines, 181 Miss. 408, 179 So. 553 (1938).
For the foregoing reasons the judgment is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.