850 So.2d 199 (2003)
Clifford CROWDER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01433-COA.
Court of Appeals of Mississippi.
July 15, 2003.
*200 Clifford Crowder, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before MCMILLIN, C.J., THOMAS and CHANDLER, JJ.
McMILLIN, C.J., for the Court:
¶ 1. On August 1, 2000, Clifford Crowder entered a plea of guilty in the Circuit Court of Grenada County to eight charges against him for sale of cocaine. In July 2002, Crowder filed a motion for post-conviction relief in that court, claiming that his attorney's performance was constitutionally deficient for (1) counsel's failure to discuss with Crowder the fact that he would be tried as a violent offender, (2) his failure to provide Crowder with information concerning the evidence obtained from the State in discovery, and (3) his failure to permit Crowder to view and evaluate the videotapes alleged to show Crowder involved in drug sales. Crowder also made a general allegation that counsel was ineffective because he lacked the proper concern for the welfare of his client.
¶ 2. The trial court denied relief on the motion without conducting an evidentiary hearing; a procedure authorized in certain circumstances by Section 99-39-11(2) of the Mississippi Code. Dissatisfied with this outcome, however, Crowder has perfected an appeal to this Court.
¶ 3. In his pro se appeal, Crowder again advances the general theme that he received ineffective assistance of counsel in the proceedings leading up to his guilty pleas. However, in his brief, Crowder has changed the underlying basis for his claim to an assertion that defense counsel misled him into believing that he would only be pleading guilty to two counts of sale of cocaine. In support of this contention, Crowder attaches to his brief the written plea petition in Cause No. 2000-116CR, which does, in fact, state that "I wish to plead guilty to the charges of sale of cocainetwo counts." Crowder's argument on appeal depends for its strength entirely on this assertion.
¶ 4. There are two equally compelling reasons to affirm the trial court's decision.
¶ 5. First, a litigant cannot, as a general rule, raise issues for the first time on appeal. Rather, an appellate court's proper function is to detect and deal with errors committed by the trial court in the conduct of the proceeding in that court. Robinson v. State, 758 So.2d 480, 490 (¶ 45) (Miss.Ct.App.2000). In the situation where the trial court had no opportunity to deal with an issue, there can be no resulting error to be dealt with at the appellate level.
¶ 6. Second, assuming we were inclined to overlook the procedural bar discussed in the preceding paragraph, the most cursory review of the record shows that the petition attached to Crowder's brief was only one of five petitions executed by Crowder in connection with his guilty pleas. The eight counts to which Crowder entered pleas on that date were contained in five different indictments, and separate petitions were prepared and filed for each of the indictments. Copies of *201 these additional petitions appear in the record. Thus, there is no factual basis for Crowder's untimely assertion that he was misled into believing he was only pleading to two counts.
¶ 7. Crowder also attempts to argue that he is being summarily denied relief because he is unable to properly articulate the legal basis for his entitlement to relief. He attributes this to the fact that he has no attorney in this proceeding and his own poor writing skills hinder his ability to properly state his claims. He contends that a more lenient reading of his pleadings and an appropriate inquiry would demonstrate the legal basis for his claims even though he may not have properly stated that basis. There is no indication that the trial court denied relief based on the failure of Crowder to effectively articulate his grievances about the way he was represented. The claims he asserted at the trial level are easily understandable from his motion and appear to have been dealt with by the trial court based on established procedures.
¶ 8. As for his efforts before this Court, Crowder has not shown that he has particularly poor writing skills. Instead, he has demonstrated a willingness to attempt to distort the record in order to advance a basis for his claim that is factually inaccurate. It is for the reason that Crowder has failed to demonstrate the existence of facts that, if established by the proper evidentiary standard at a hearing, would entitle him to relief that we find his appeal to be without merit, and not because we seek to penalize him for what he contends is his lack of skill in the field of legal drafting.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF DENIAL OF POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.