OPINION ON MOTION FOR REHEARING
¶ 1. The motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted in lieu thereof. After a bench trial, Thaddous Rainer was convicted of possession of more than thirty grams of cocaine and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with eight years suspended, seven years to serve and three years of post-release supervision. On appeal, he challenges the trial court's denial of his motion to suppress *Page 117 
evidence taken as the result of an unconstitutional search and seizure. Finding that the trial court abused its discretion in denying Rainer's motion to suppress, we reverse and remand Rainer's conviction.
 SUMMARY OF FACTS AND PROCEDURAL HISTORY ¶ 2. During the early part of September 2002, the narcotics division of the Hinds County Sheriff's Department received several complaints about illegal narcotics activities taking place around the Capitol Street area in the City of Jackson, Mississippi. On September 9, 2002, Investigator R.W. Spooner was patrolling the area of Capitol Street when he observed several individuals standing in the parking lot of a gas station located at 612 Capitol Street. In an effort to investigate the situation, Spooner entered the parking lot and pulled up next to a vehicle that was parked at a gas pump. Thaddous Rainer was at the wheel of the vehicle parked at the pump. Spooner then exited his car and identified himself as a police officer. According to Investigator Spooner, Rainer then "began to back out of the parking lot in an effort to flee." Rainer's progress was stymied when Captain Frank Bell maneuvered his car to block Rainer from exiting the parking lot. Upon blocking Rainer's exit, Bell ordered Rainer to step out of the car. Rainer then exited the car and threw several bags under his vehicle. The officers secured Rainer, retrieved the bags — which were later found to contain cocaine and marijuana — and placed Rainer under arrest for possession of cocaine and possession of marijuana less than one ounce.
 ¶ 3. At trial on the cocaine charge, Rainer moved to suppress the cocaine on the ground that it was seized as the result of an unreasonable search and seizure of his person under both the Fourth Amendment of the United States Constitution and under Article 3, Section 23 of the Mississippi Constitution of 1890. Rainer claimed that the officers had neither probable cause nor reasonable suspicion for the stop. Citing the United States Supreme Court case of Illinois v. Wardlow,528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) the trial court denied Rainer's motion, ruling that Rainer's attempt to leave the scene in a high crime area gave the police reasonable suspicion to detain him temporarily. Upon receiving this ruling, Rainer waived his right to a jury trial, and a bench trial proceeded. No testimony was adduced at trial, and the only evidence before the court was Investigator Spooner's typewritten report setting forth the details of the stop, and a report from the Mississippi Crime Laboratory identifying the seized substances. The trial judge convicted Rainer of possession of cocaine greater than thirty grams, and sentenced him to a term of fifteen years in the custody of the Mississippi Department of Corrections, with eight years suspended, seven years to serve and three years of supervised probation.
 ¶ 4. Aggrieved, Rainer filed a timely appeal to this Court, asserting that the trial court erred in denying his motion to suppress. Finding that the trial court erred in its determination that the officers had reasonable suspicion meriting an investigatory stop, we reverse and remand.
 STANDARD OF REVIEW ¶ 5. Our well-settled standard of review for the admission or suppression of evidence is abuse of discretion.Mississippi Transp. Comm'n v. McLemore, 863 So.2d 31,34 (¶ 4) (Miss. 2003). "Under this standard, this Court will affirm unless there is a definite and firm conviction that the court below committed a clear error of *Page 118 
judgment in the conclusion it reached upon weighing of relevant factors." Caracci v. Int'l Paper Co.,699 So.2d 546, 556 (¶ 16) (Miss. 1997).
 ISSUE AND ANALYSIS
WHETHER THE TRIAL COURT ERRED IN DENYING RAINER'S MOTIONTO SUPPRESS
 ¶ 6. The Fourth Amendment to the United States Constitution and Article 3, Section 23 of the Mississippi Constitution of 1890 prohibit unreasonable searches and seizures made without probable cause, except under certain limited exceptions.See United States v. Ross, 456 U.S. 798, 825,102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Walker v. State,881 So.2d 820, 827 (¶ 14) (Miss. 2004). In Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court held that an officer may, consistent with theFourth Amendment, make a brief, investigatory detention without a warrant when the officer has a reasonable suspicion that criminal activity is afoot. Id. at 30-31,88 S.Ct. 1868. While the "reasonable suspicion" standard is less demanding than probable cause, the Fourth Amendment still requires a minimal level of justification for making the stop.Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673,145 L.Ed.2d 570 (2000) (citing United States v.Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1
(1989)). Still, an officer who makes such a stop "must be able to point to specific and articulable facts" that justify the intrusion. Terry, 392 U.S. at 21, 88 S.Ct. 1868. In fact, "The officer must be able to articulate more than an `inchoate and unparticularized suspicion or "hunch"' of criminal activity" in order to justify a Terry stop.Wardlow, 528 U.S. at 123-24, 120 S.Ct. 673 (quotingTerry, 392 U.S. at 27, 88 S.Ct. 1868). Furthermore, the reasonableness of official suspicion must be measured by what the officers knew before they initiated the search. Florida v. J. L., 529 U.S. 266, 271,120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). Absent reasonable suspicion warranting such a stop, the individual approached by authorities has the right "to ignore the police and go about his business."Wardlow, 528 U.S. at 125, 120 S.Ct. 673. Furthermore, any "refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure." Id. (quoting Florida v. Bostick,501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)).
 ¶ 7. In the case at bar, the State contends that the officers in this case had reasonable suspicion to detain Rainer temporarily because he purportedly attempted to flee the scene when approached by police operating in what they believed to be a "high crime area."[1] Had there been credible evidence before the trial judge that Rainer had in fact entered into unprovoked flight upon seeing the police, this Court would have upheld the stop under the United States Supreme Court case ofWardlow. In Wardlow, the United States Supreme Court held that it is permissible for courts and police to infer wrongdoing from the fact of unprovoked flight, thus justifying aTerry stop. Wardlow, 528 U.S. at 124,120 S.Ct. 673 ("Headlong flight-wherever it occurs-is the consummate act of evasion: It is not necessarily *Page 119 
indicative of wrongdoing, but it is certainly suggestive of such").
 ¶ 8. In this case, however, there was no direct evidence that Rainer actually fled from the police. In his report, Spooner stated that when he exited his car and identified himself as an officer, Rainer "began to back out of the parking lot in an effort to flee." This bare, uncorroborated assertion is not supported by any facts submitted by the State. Spooner's report makes no mention of any facts that support the conclusion that Rainer entered into unprovoked flight at the sight of the police. For example, there is no evidence of the speed at which Rainer attempted to exit the parking lot, nor is there evidence that Rainer drove erratically upon trying to leave. Notably, the lack of evidence of flight compelled the trial court to mention that "[i]t may very well have been that [Rainer] was leaving the gas pump simply because he was through getting his gas and had paid for it." Accordingly, in the absence of more detail, we are not prepared to affirm a finding of flight.
 ¶ 9. We find that the trial court abused its discretion by` applying Wardlow in an instance where there was no evidence of unprovoked flight. As the officers in this case did not have reasonable suspicion to detain Rainer, the evidence against him should have been suppressed as the fruit of an unconstitutional search and seizure. See Jackson v.State, 418 So.2d 827, 829 (Miss. 1982); Bessent v.State, 808 So.2d 979, 983 (¶ 12) (Miss.Ct.App. 2001).
 ¶ 10. Finding that the trial court erred in failing to grant Rainer's motion to suppress, we reverse and remand this cause for further proceedings consistent with this opinion.
 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF THEFIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED ANDREMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDSCOUNTY.
LEE, P.J., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SOUTHWICK AND ROBERTS, JJ., NO, NOT PARTICIPATING.
[1] While the fact that a temporary detention occurs in a high crime area is a relevant consideration in a Terry
analysis, "[A]n individual's presence in the area of expected criminal activity, standing alone, is not enough to support a reasonable particularized suspicion that [a] person is committing a crime." Wardlow, 528 U.S. at 124,120 S.Ct. 673.