958 So.2d 840 (2007)
David Ray JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KM-00844-COA.
Court of Appeals of Mississippi.
June 19, 2007.
*841 James B. Everett, Decatur, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. David Ray Jones appeals the judgment of the Newton County Circuit Court affirming his conviction in the Newton County Justice Court for driving under the influence of intoxicating liquor in violation of Mississippi Code Annotated section 63-11-30(1)(a) (Rev.2004), careless driving in violation of Mississippi Code Annotated section 63-3-1213 (Rev.2004), and driving without a seatbelt under Mississippi Code Annotated section 63-2-1 (Rev.2004). Because this was Jones' second DUI conviction occurring within five years, he was sentenced under Mississippi Code Annotated section 63-11-30(2)(b) (Rev.2004) to serve one year in the Newton County jail and to pay a $1,500 fine. Jones was also fined $121 for careless driving and $35 for driving without a seatbelt. On appeal, Jones asserts that the judgment was against the overwhelming weight of the evidence due to the fact that the circuit court considered as substantive evidence of guilt (1) Jones' flight from the traffic stop, (2) statements made by the city prosecutor during his cross-examination and the cross-examination of a defense witness, and (3) impeachment testimony. Finding the issues raised by Jones to be procedurally barred and finding that the judgment is supported by substantial evidence, we affirm Jones' convictions for second offense DUI, careless driving, and driving without a seatbelt.

STATEMENT OF THE FACTS
¶ 2. On the evening of November 24, 2006, Mississippi Highway Patrolman Kevin Bently was patrolling a section of Interstate 20, located just east of Newton. At approximately 8:30 p.m., Bently observed a vehicle traveling west at an unusually slow rate of speed. Bently pulled out from his *842 position on the median onto the interstate and followed the vehicle. Bently immediately noticed that the vehicle he followed was straddling the solid white line separating the driving lane from the emergency lane, traveling at a speed between twenty-five and thirty miles per hour. The maximum speed limit on that stretch of interstate is seventy miles per hour and the minimum is forty miles per hour. After observing the vehicle for a few moments, Bently proceeded to perform a traffic stop. However, the vehicle did not immediately pull over for another quarter mile before finally stopping near the Shiloh overpass.
¶ 3. At trial, Bently testified once that as he exited his patrol car, the driver, later identified as David Ray Jones, also exited his vehicle. Bently testified that as Jones exited his vehicle, he observed him sway against his car and steady himself with his hand. Bently also noticed that Jones had not been wearing a seatbelt and that he was talking on a cell phone. Bently approached Jones and asked why Jones had continued driving for more than a quarter mile after Bently turned on his lights and siren. Jones replied, and later testified, that he did not see the lights or hear the siren because he was talking on his cell phone. Jones further explained to Bently, and later testified, that he was running out of gas and was attempting to call a friend to bring gas to him. Bently then asked Jones for his driver license, which Jones was unable to produce because he failed to renew his license after it was suspended pursuant to his first DUI conviction on October 3, 2002. However, Jones did provide Bently with his name, date of birth, and Social Security number. Jones continued to talk on his cell phone while providing this information to Bently, despite being repeatedly told by Bently that he needed Jones' full attention. Bently further testified that as he spoke with Jones he detected the smell of an "intoxicating beverage" coming from Jones' clothing or breath. Bently testified, after being designated by the circuit court as an expert in determining a person's level of intoxication, that it was his opinion that Jones was intoxicated at the time he was stopped.
¶ 4. While Bently was questioning Jones, Jones repeatedly indicated that he needed to go to the bathroom. Bently told Jones to step to the shoulder of the road and relieve himself of the need. Jones stepped toward the shoulder of the road, and according to Bently's testimony, Jones then broke and ran toward the overpass. He did not return. Bently testified that he did not give chase because there was a minor, Jones' thirteen-year-old nephew, in the passenger's seat of Jones' vehicle and he felt that it would not be in the child's best interest to leave him unsupervised on the side of the interstate. Jones testified that he did not run, but walked over to the overpass, where a friend, Alvin Willis, was to deliver the needed gas. Jones further testified that Bently never told him to stop or that he could not leave. According to Jones, he waited at the overpass for his friend to arrive with the gas, and as he did, he observed a tow-truck loading up his car. Jones claims that he then decided not to return to the scene of the traffic stop because he feared being arrested for driving with a suspended license. He claims not to have ingested any alcoholic beverages on the day in question and that his "flight" had nothing to do with a fear of being arrested for DUI. Jones' nephew also testified that Jones had not been drinking on the day in question and when questioned about his prior inconsistent statements to Bently, denied ever saying that Jones had been drinking. Bently, who had already testified as the prosecution's witness, was then called as a rebuttal witness to impeach the nephew's credibility. *843 Bently testified that while he and Jones' nephew waited on the side of the interstate for a tow truck to arrive, the nephew told him that Jones had been drinking earlier that day.
¶ 5. The circuit court judge heard testimony from Bently, Jones, Jones' nephew, and Willis, and determined that the affirmance or reversal of Jones' convictions hinged on the issue of credibility. The circuit judge then ruled from the bench that, under the totality of the circumstances and after weighing all the evidence, the testimony of Bently was simply more credible than the testimony offered by Jones, Jones' nephew, and Willis. He found the testimony that Jones had driven his car down the interstate more than a quarter of a mile while straddling the white line separating the driving lanes from the emergency lane at a speed below the minimum speed limit sufficient to find Jones guilty of careless driving. Further, he found Bently's testimony that Jones had not been wearing a seatbelt sufficient to support the seatbelt violation. Finally, he found Bently's opinion that Jones was intoxicated, the fact that Jones testified that he did not see the patrolman's lights nor hear his siren, the statement by Jones' nephew to Bently that Jones had been drinking, and Jones' flight as indicia pointing to guilt, and affirmed the DUI conviction.

DISCUSSION
¶ 6. When determining whether a verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict. Herring v. State, 691 So.2d 948, 957 (Miss.1997). Reversal is warranted only when we are convinced that the circuit court has abused its discretion and that allowing the verdict to stand would sanction an unconscionable injustice. Id. Our review of the record makes clear that the circuit judge specifically asked the attorneys to provide the law concerning flight, and that Jones' attorney failed to do so. Further, Jones' counsel failed to raise any objection to the prosecutor's questions concerning statements made by Jones' nephew and Jones during the Newton County Justice Court trial. Jones' counsel also failed to raise any objection to Bently's impeachment testimony. Finally, Jones failed to raise any of the issues he complains of on appeal in his motion for a directed verdict or new trial. As a general rule, a litigant cannot raise issues for the first time on appeal because the trial judge had no opportunity to deal with the issue at the trial level. Crowder v. State, 850 So.2d 199, 200(¶ 5) (Miss.Ct.App.2003).
¶ 7. Our role as an appellate court is to determine whether the trial judge correctly ruled on an issue put before the court. Where the issue was not raised with the trial judge, there can be no resulting error to deal with at the appellate level. Id. Accordingly, the issues raised by Jones are procedurally barred. Furthermore, the facts of this case, when viewed in the light most favorable to the verdict, provide sufficient evidence to convict Jones of second offense DUI, careless driving, and driving without a seatbelt. We find that the verdict was not against the overwhelming weight of the evidence, and, thereby, affirm.
¶ 8. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTIONS OF DUI-SECOND OFFENSE, SEATBELT VIOLATION AND CARELESS DRIVING AND SENTENCES OF ONE YEAR IN THE NEWTON COUNTY JAIL AND A $1,500 FINE FOR DUI-SECOND OFFENSE, $35 FINE FOR SEATBELT VIOLATION AND $121 FINE FOR CARELESS DRIVING IS AFFIRMED. ALL COSTS *844 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.