CARLTON, J.,
dissenting:
¶ 16. I respectfully dissent. I would affirm John Reynolds’s conviction and sentence.
¶ 17. As stated by the majority, the Yalobusha County Circuit Court found Reynolds guilty of driving under the influence (DUI), first offense. On appeal from the municipal court, the circuit court, after a trial de novo, sentenced Reynolds to pay a $1,000 fíne, court costs, complete Mississippi Alcohol and Safety Education Program classes, and serve forty-eight hours in jail.
¶ 18. Now, on appeal to this Court, Reynolds claims the circuit court erred in convicting him of DUI, first offense refused test, and he also asserts the court erred in denying his ore tenus motion to dismiss the case for lack of probable cause. Before evaluating Reynolds’s alleged error, I must first address the proper standard of review to apply on appeal to his claim of error in the denial of his ore tenus motion to dismiss. A review of the record reflects Reynolds failed to file any motion to suppress based upon a lack of probable cause or to suppress based upon any ground. I further note a review of the record shows that Reynolds raised the issue in his motion before the circuit court for a judgment notwithstanding the verdict (JNOV), or, in the alternative, for a new trial, wherein he claimed error in the circuit judge’s denial of his ore tenus motion to dismiss for lack of probable cause. When a reviewing a trial court’s denial of a motion to suppress for lack of probable cause or lack of reasonable suspicion, the determination of issues involves a mixed question of law and fact, and the appellate court employs a de novo standard of review. Spurlock v. State, 67 So.3d 811, 813 (¶ 7) (Miss.Ct.App.2011) (citing Dies v. State, 926 So.2d 910, 917 (¶20) (Miss.2006)). However, when reviewing the trial court’s decision to admit or exclude evidence in the absence of a motion to suppress, such as the case before us, then we employ an abuse-of-discretion standard of review on appeal. Id. (citing Chamberlin v. State, 989 So.2d 320, 336 (¶52) (Miss.2008)).
¶ 19. As to a claim of insufficiency of evidence, we apply the following standard:
When determining whether a verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict. Reversal is warranted only when we are convinced that the circuit court has abused its discretion and that allowing the verdict to stand would sanction an unconscionable injustice.
Jones v. State, 958 So.2d 840, 843 (¶ 6) (Miss.Ct.App.2007) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)).
¶ 20. In turning to Reynolds’s argument, I submit the law clearly allows an investigatory stop based upon reasonable suspicion.[1] In Spurlock, 67 So.3d 811, 813 (¶ 9), this Court recognized “the constitutional requirements for an investigative stop are less stringent than those for a full arrest.” (citing Dies, 926 So.2d at 918 (¶ 22)). The Mississippi Supreme Court has found investigative stops permissible, provided that an officer possessed “reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a felony or as long as the officers have some objective manifestation that the person stopped is, or is about to be [,] engaged in criminal activity.” Id. at *603 814 (¶ 9) (quoting Floyd v. City of Crystal Springs, 749 So.2d 110, 114 (¶ 16) (Miss.1999)) (emphasis added). In Eaddy v. State, 63 So.3d 1209, 1213 (¶14) (Miss.2011), when distinguishing investigatory stops based upon reasonable suspicion, the Mississippi Supreme Court relied upon the cases of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Walker v. State, 881 So.2d 820, 826 (¶ 10) (Miss.2004);; and Haddox v. State, 636 So.2d 1229, 1234 (Miss.1994).[2] Despite changes to the 7’em/-investigatory-stop doctrine, the Mississippi Supreme Court recognized that no bright-line rule exists for determining whether an investigatory stop is unreasonable. Gonzales v. State, 963 So.2d 1138, 1141-42 (¶ 13) (Miss.2007). Such determination must be made on a case-by-case basis. Floyd, 749 So.2d at 115 (¶ 18).
¶ 21. The law required Officer Christopher Blair to possess reasonable suspicion, not probable cause, to conduct the investigatory stop. See id. However, an investigatory stop may evolve into a seizure, thus, requiring probable cause. In Eaddy, the supreme court explained that the scope of a search or seizure conducted for investigatory purposes, based upon reasonable suspicion, must be limited to the initial circumstances of that called for by the initial police action in conducting the investigatory stop. Eaddy, 63 So.3d at 1213-14 (¶ 16). The court stated: “[W]hen police detention exceeds the scope of the stop, the stop becomes a ‘seizure,’ and the State must show probable cause.” Id. at 1214 (¶ 16) (citations omitted).
¶ 22. In applying this precedent to the case before us, I find no abuse of discretion in the circuit judge’s finding to introduce evidence of the stop and finding that sufficient reasonable suspicion existed in this case supporting Officer Blair’s investigatory Terry[3] stop of Reynolds. A review of the record shows that Officer Blair’s testimony provides sufficient reasonable suspicion, grounded in specific and articulable facts showing objective manifestations that Reynolds was suspected of engaging or suspected of about to be engaged in criminal activity. See Spurlock, 67 So.3d at 813 (¶ 9).
¶ 23. Officer Blair testified that he noticed Reynolds’s vehicle stopped an inappropriately long distance behind his patrol vehicle at a traffic light at 4:30 a.m. Officer Blair next stopped to check the Dollar General store due to recent break-ins, and then he proceeded north up Railroad Street to the intersection of North Court Street, where he stopped. While stopped, Officer Blair saw Reynolds’s vehicle again as the vehicles passed in the opposite lane. The passenger in Reynolds’s vehicle pointed at Officer Blair as the cars passed each other, and Officer Blair could see the passenger drinking out of a white foam cup. At this point, the speed of Reynolds’s car oddly dropped from the speed limit of twenty-five miles per hour to five to eight miles per hour, and no roadway necessity existed to warrant such a dramatic drop in speed as the cars passed.[4] *604 See Byrd v. F-S Prestress, Inc., 464 So.2d 63, 67 (Miss.1985) (The supreme court recognized that driving less than thirty miles an hour on federal-designated Highway 49 constituted negligence on the road, giving rise to civil liability, if no hazard exists that requires such a reduced speed.). Officer Blair checked the vehicle’s plate number because of the suspicious behavior. Reynolds’s vehicle then turned at an intersection toward the elementary school. Officer Blair questioned the suspicious behavior of driving towards the elementary school in the middle of the night, particularly in light of the previous break-ins at that school, the high school, and other businesses. Reynolds’s vehicle turned around, and Officer Blair testified that he then conducted an investigatory Terry stop based upon the foregoing facts giving rise to his reasonable suspicion. As stated, precedent recognizes that reasonable suspicion provides a sufficient basis to support an investigatory stop. Whren, 517 U.S. at 810, 116 S.Ct. 1769; Terry, 392 U.S. at 30-31, 88 S.Ct. 1868; Rainer v. State, 944 So.2d 115, 118 (¶ 6) (Miss.Ct.App.2006). Once Officer Blair conducted the investigatory stop, probable cause arose from the facts herein, under the totality of the circumstances.
¶24. Officer Blair testified that once stopped, Reynolds stepped out of his vehicle and grabbed the door for balance. Officer Blair noticed that Reynolds’s speech was slurred to the point that the officer could not understand what Reynolds was saying. Officer Blair also testified that he could smell the strong odor of intoxicating alcohol emanating from Reynolds from three feet away. Officer Blair explained that Reynolds’s glazed-over eyes were also blood shot, and he continued to show unsteadiness. Officer Blair testified that Reynolds showed the characteristics of being highly intoxicated as evidenced by the aforegoing unsteadiness, odor of alcohol, blood shot and glazed eyes, and slurred speech. Moreover, Officer Blair testified that he had known Reynolds for many years and that Reynolds’s speech was normally different than the slurred speech he displayed on that morning at 4:30 a.m. The passenger, meanwhile, threw his cup on the ground. The passenger also admitted to Officer Blair that he had been drinking whiskey from the cup and that he and Reynolds had both been drinking whiskey all night.
¶ 25. In Shelton v. State, 45 So.3d 1203, 1208-09 (¶ 13) (Miss.Ct.App.2010), this Court upheld a defendant’s conviction for possession of more than five kilograms of marijuana. The Court reasoned that under Mississippi Code Annotated section 63-3-1213 (Rev.2004), the defendant’s vehicle was seen driving in a careless or imprudent manner; therefore, the deputy possessed the authority to stop them. Id. The Court in Shelton found that when the defendant acted nervously, then the deputy’s retrieval of a drug detecting dog was appropriate. Id. at 1209 (¶¶ 14-15). The drug-detecting dog’s positive alerts then created probable cause for the deputy to search the trunk of the rental car. Id.
¶ 26. Similarly, in the case of Adams v. City of Booneville, 910 So.2d 720, 724 (¶ 15) (Miss.Ct.App.2005), this Court determined the officer therein possessed an objective reasonable suspicion that the defendant driver drove carelessly, even though the driver was ultimately acquitted of the careless-driving charge. The opinion in *605 Adams provides insight relevant to the issues before us now. In Adams, this Court found probable cause for the stop because the time of night, 2:30 a.m., was very late; it was New Year’s Eve, when persons were widely known to celebrate with alcohol; and the vehicle was traveling without due regard to speed laws. Id. I note in Adams, this Court found probable cause existed to support the stop. Id. Similarly, in the case before us now, Officer Blair conducted a Terry investigatory stop based on reasonable suspicion, and probable cause to arrest Reynolds arose when the officer engaged Reynolds for the brief investigatory stop based on reasonable suspicion.
¶ 27. Jurisprudence recognizes that law-enforcement officers rely upon their expertise and knowledge of the area in determining whether reasonable suspicion exists. Additionally, the officer must be able to articulate specific facts which, when taken together with rational inferences from those facts reasonably warrant the investigatory stop. Gonzalez, 963 So.2d at 1142 (¶ 14). As stated, in this case, Officer Blair certainly articulated specific facts giving rise to his reasonable suspicion, and the circuit judge appropriately considered these specific facts supporting the officer’s reasonable suspicion along with the rational inference flowing therefrom.
¶ 28. As shown by the record, and utilizing an abuse-of-discretion standard of review, the evidence shows that Officer Blair possessed reasonable suspicion for an investigatory stop. Once stopped for the investigatory detention based on Officer Blair’s reasonable suspicion, Reynolds’s behavior provided ample evidence under the totality of the circumstances in support of probable cause for his arrest. United States v. Arvizu, 534 U.S. 266, 273-77, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (Defendant’s deceleration, as vehicle approached officer, should be assessed by officer in light of his specialized training and familiarity with the area; the court applied the totality-of-circumstance test, with due weight to officer’s factual inferences, to determine whether reasonable suspicion existed to believe the defendant was engaged in illegal activity.).
¶ 29. Thus, I respectfully disagree with the majority’s conclusion that based on this evidence alone, Officer Blair failed to possess reasonable suspicion sufficient to initiate an investigatory stop under Terry. See Miss.Code Ann. § 63-3-1213 (Rev. 2004) (careless-driving statute). Instead, as stated, I concur with the circuit judge’s finding that this evidence indeed provided not only reasonable suspicion sufficient for an investigatory stop, but also sufficient probable cause for the arrest upon conducting the Terry stop.[5]
¶ 30. After reviewing the record, I find no reversible error by the circuit court. Thus, in keeping with our standard of re *606 view, I must respectfully dissent.[6]

. I note that Reynolds only raised and complained of a lack of probable cause to stop his car, but Reynolds's argument fails to raise the issue that Officer Christopher Blair lacked reasonable suspicion sufficient to justify the Terry investigatory stop.

. See also Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.”).

. Terry, 392 U.S. at 30-31, 88 S.Ct. 1868.

. See Miss.Code Ann. § 63-3-509(1) (Rev. 2004). Mississippi Code Annotated section 63-3-509(1) provides that in the event of apparent willful disobedience and refusal to comply with minimum speed limits, the continued slow operation by a driver shall be a misdemeanor. See also Netterville v. Crawford, 233 Miss. 562, 103 So.2d 1 (1958); Miss. Code Ann. § 63-3-511 (Rev.2004) (Local authorities may modify speeds on any street, county road, or any portion thereof for safety but no speed limit shall be fixed by any such *604 local authorities at less than fifteen miles per hour.). See also Miss. Att’y Gen. Op. 2001-0574, 2001 WL 1229375, Gordon (Sept. 21, 2001) (Careless driving is not dependant upon whether other cars are present but rather based upon all of the combined factors listed in the statute.).

. See United States v. Escalante, 239 F.3d 678, 680-81 (5th Cir.2001) (The United States Court of Appeals for the Fifth Circuit held that although a traffic stop for careless driving may be pretextual, the stop does not violate the Fourth Amendment where the officer has probable cause); Martin v. State, 43 So.3d 533, 534-35 (¶¶ 6, 11) (Miss.Ct.App.2010) (Officer had probable cause to execute traffic stop for careless driving; officer testified that the defendant was "bumping” the fog line on the highway.); Adams, 910 So.2d at 725 (¶ 17) (Sufficient probable cause to make stop existed based on careless driving, even though the defendant was later acquitted of the careless-driving charge in the municipal court); Varvaris v. City of Pearl, 723 So.2d 1215, 1216-17 (¶¶ 5-7) (Miss.Ct.App.1998) (Uncorroborated testimony of arresting officer alone *606 was sufficient to support defendant's conviction of careless driving.).

. See Crowder v. State, 850 So.2d 199, 200 (¶ 5) (Miss.Ct.App.2003).